IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KOFIE AKIEM JONES,

    Petitioner,

v.                                                  Civil Action No. 1:06CV18
                                                  (Criminal Action No. 1:03CR47-01)
UNITED STATES OF AMERICA,                      STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

On February 6, 2006, the petitioner, Kofie Akiem Jones ("Jones"), filed a petition under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody.[1] Subsequent to the filing of his petition, the petitioner filed several supplemental petitions in support of his petition to vacate. On May 26, 2006, the petitioner filed a motion and proposed order directing a judgment that the respondent had conceded his motion and vacating his sentence and conviction. On May 30, 2006, the respondent filed a response, arguing that the allegations in the petitioner's petition required a hearing in which the respondent could call the petitioner's former counsel to testify. On July 12, 2006, the petitioner filed another motion to concede petitioner's petition to vacate his conviction and sentence arguing that the respondent's motion was untimely and that it had

---

[1]The petitioner filed documents concerning his § 2255 petition in both his criminal case file and his civil case file.

offered nothing to contradict petitioner's position in his § 2255 petition. On July 19, 2006, the respondent filed a response to the petitioner's motion to concede and again requested a hearing to respond to the petitioner's allegations. This Court denied the petitioner's motion to concede.

The matter was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation 83.15. Following a review of the motion and a hearing on the matter, Magistrate Judge Kaull submitted a report and recommendation recommending that the petitioner's § 2255 petition be denied. The magistrate judge informed the petitioner that if he objected to any portion of the recommendation for disposition, he must file written objections within ten days after being served with a copy of the recommendation. The petitioner filed timely objections to the report and recommendation. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, and that the petitioner's § 2255 motion to vacate, set aside, or correct sentence should be denied and dismissed.

## II. Facts

On January 28, 2004, the petitioner was found guilty by a jury in the Northern District of West Virginia on six separate counts of a multi-defendant criminal indictment. Specifically, the petitioner was found guilty of one count of conspiracy to defraud

the United States, one count of bank robbery by force or violence, one count of brandishing a firearm during a bank robbery, one count of interference with commerce by threat or violence, and one count of brandishing a firearm during a bank robbery.

On May 17, 2004, the petitioner was sentenced to six concurrent life sentences. Petitioner appealed his sentence, challenging the trial court's finding that he was a "Three Strikes" offender pursuant to 18 U.S.C. § 3559(c)(1). The petitioner argues that the trial court erred in using a 1996 conviction for a 1994 robbery as a "strike" under the statute. The Fourth Circuit denied the petitioner's appeal and affirmed his sentence.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### IV. Discussion

In his motion, the petitioner claims that he is entitled to relief under § 2255 because he had ineffective assistance of

3

counsel. In advancing this claim, the petitioner argues that: (1) his counsel defectively cross-examined a government witness, (2) his counsel failed to investigate the petitioner's alibi defense, (3) his counsel failed to put the petitioner's only witness on the stand, (4) his counsel failed to hire his own fingerprint expert to analyze fingerprints found on a weapon, and (5) his counsel neglected to pursue a claim possibly raising a mistrial issue when a juror allegedly saw the petitioner in shackles during the trial. In addition, the petitioner requested an evidentiary hearing.

After evaluating the petitioner's claims, the magistrate judge entered a report and recommendation in which he made the following findings: (1) the petitioner's claim that his attorney ineffectively represented him by defectively cross-examining a government witness was without merit because this was a tactical decision made by counsel in the midst of trial, and because the petitioner did not suffer any prejudice from the cross-examination; (2) the petitioner's claim that his attorney ineffectively represented him by failing to investigate the petitioner's alibi defense must fail because there is no evidence that the petitioner told his attorney pre-trial of any alibi witnesses that could testify in support of the alibi; (3) the petitioner's claim that his attorney ineffectively represented him by failing to put the petitioner's only witness on the stand lacks merit because if the evidence was offered at trial, it would not have proved anything useful in the petitioner's case; (4) the petitioner's claim that

his attorney ineffectively represented him by failing to hire a fingerprint expert was without merit because the petitioner abandoned this argument in the evidentiary hearing, offering no evidence regarding the need to have his own fingerprint analyst; and (5) the petitioner's claim that his attorney ineffectively represented him by failing to pursue a mistrial after a juror allegedly saw the petitioner in shackles must also fail because there was no evidence that the petitioner was seen in shackles by the juror, and because there was no showing that the jury deliberations were impacted in any way by this inadvertent meeting.

In his objections, the petitioner reiterates his arguments made in his original § 2255 motion. The petitioner also asserts a new point of error, asserting that his trial counsel wholly abandoned him by failing to spend any significant time with the petitioner prior to the start of trial.

This Court finds that the petitioner has failed to satisfy the two-pronged analysis provided by <u>Strickland v. Washington</u>, 466 U.S. 668(1984), to establish a right to an amended sentence or new trial based upon ineffective assistance of counsel. <u>Id.</u> at 687 (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance). This Court will address each of the petitioner's arguments regarding ineffective assistance of counsel in turn.

5

First, the petitioner's attorney was not ineffective by allegedly cross-examining government witness Joyce Calvert ("Calvert") in a defective manner. The petitioner argues that the following excerpt of the cross-examination elicited an identification from the witness when she did not previously identify the petitioner in the government's direct examination:

q. Were you able to recognize later any of the three individuals that you may have seen in the store?

a. Uh, I believe that it was that it was the three that came in just by their actions and looked similar to them, yes.

q. At least two of whom you saw, you believe, in the white Mercedes?

a. Yes.

q. So there may have only been three total in the Mercedes as far as you know?

a. I don't know, I saw three in the store. I could only see two in the car.

q. You only saw two.

a. Yes.

q. Okay. Now, you said one asked where the restrooms were?

a. Yes, sir.

q. Were you ever shown photographs of any of these people who you believe were in the store?

a. I wasn't shown -- no, I was not shown photographs of them.

q. Did you have occasion to give any law enforcement personnel a description of the three people that you saw in the store?

a. Just vaguely, that they were male, obviously, and Afro-American and that the one had a loose shirt on, kind of bluish, like two shirts, one loose shirt over another shirt, and small frame. And the other, the one I don't really remember at all, but he looked like -- and the one was a bigger frame, I think light clothing.

q. Have you ever seen an individual by the name of Kofie Jones to your knowledge? Do you recognize the name?

a. No, I do not recognize the name.

q. Your Honor, with the Court's permission I would ask that my client take the stand.

THE COURT: All Right.

q. Ms. Calvert, this is Mr. Kofie Jones. I am going to ask you, have you ever seen him before?

a. He looked similar to the driver.

q. He looked similar but -- you can't positively identify him, correct; is that right?

a. He is --

q. I'm sorry, did you say yes?

a. I do believe he was the driver?

q. Can you positively identify him, yes or no?

a. No.

7

A criminal defendant's trial counsel can make certain tactical decisions without the defendant's consent. Brown v. Artuz, 124 F.3d 73, 77 (2d Cir. 1997). Those decisions that can be made without the defendant's consent "primarily involve trial strategy and tactics," such as "what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992).

Defense counsel's cross-examination of Calvert in this case was a tactical decision made by counsel during the course of trial. At the § 2255 hearing, defense counsel testified that he cross-examined Calvert in an attempt to get her to admit that she did not see the petitioner in the Mercedes. Defense counsel stated that he already knew that the witness had not seen a photo array, that she had not given the police a description of the three people that she saw in the store, that her visibility into the rear seat of the Mercedes was limited because of the car's dark windows, and that the witness only had a few moments to look into the Mercedes as she walked passed it. Combining this knowledge with the petitioner's contention that he was not present at the robbery scene, petitioner's counsel made a strategic decision to cross-examine Calvert to get a confirmation that the petitioner was neither inside the Mercedes nor the store. If counsel obtained that information, it would have provided strong evidence against the testimony of two co-defendants who placed the petitioner at the

robbery scene. Counsel's cross-examination of Calvert, though, did not work exactly as planned. However, hindsight is not appropriate in determining whether a counsel's trial tactics were reasonable:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Strickland, 466 U.S. at 689 (internal citations omitted). Furthermore, even if counsel's decision to cross-examine Calvert was unreasonable, the petitioner has not shown that this cross-examination prejudiced the outcome of his trial. See Strickland, 466 U.S. at 693-94. Calvert did not actually identify the petitioner as being in the Mercedes. Instead, Calvert only testified that the petitioner looked like one of the people sitting in the car. Because counsel made a reasonable tactical decision, and because the petitioner has not shown that this tactical decision prejudiced the outcome of his trial, the petitioner has not demonstrated that his counsel was ineffective on this ground.

Second, the petitioner's counsel was not ineffective for failing to investigate an alleged alibi witness. The petitioner's alibi during trial was that he was at an apartment belonging to Mardana Shaw ("Shaw") during the commission of the robberies. At his § 2255 hearing, the petitioner testified that he speculated

that both a woman and her child saw petitioner standing outside of the apartment on that day because they were outside at the same time that the petitioner was also outside. Nevertheless, there is no evidence that supports this claim or even suggests that the petitioner told his counsel about these alibi witnesses. Counsel testified that the petitioner told him he was inside the apartment alone all day. Counsel also testified that the petitioner gave him no names or addresses of potential witnesses. The petitioner never identified the woman or child, nor did any woman or child testify at the § 2255 to support the petitioner's claims. Shaw did not testify that a woman or child lived in the vicinity of her apartment. Furthermore, when the United States filed a motion requesting notice of the petitioner's alibi defense, requiring the petitioner to give the name, address, and telephone number of each alibi witness on whom he intended to rely, the petitioner did not respond to the request. Accordingly, without any corroboration or evidence that these alibi witnesses existed, the petitioner's ineffective assistance of counsel argument must fail on this ground.

Third, the petitioner's counsel was not ineffective for failing to call Tahisha Brooks ("Brooks") as a defense witness. Brooks testified at the § 2255 hearing that she provided the petitioner's counsel with several records from her and the petitioner's joint business ventures in an attempt to prove several things: (1) the petitioner was in possession of approximately

$9,500.00 of their joint money when he was arrested after the robbery took place; (2) the possession of this cash would show that the petitioner had no motive to rob the bank; and (3) the petitioner's presence in West Virginia was merely to buy a piece of business equipment. Petitioner's counsel testified that he met with Brooks to look at the papers. At that time, he decided that bringing in this evidence would do nothing to either prove or disprove anything in the petitioner's case. Indeed, he testified that the evidence would open the witness up to a possible cross-examination concerning a park police investigation of a prior vendor theft.

Under these circumstances, it does not seem unreasonable that petitioner's counsel did not call Brooks as a defense witness. At best, Brooks' evidence would prove little in defense of the petitioner's case and show little more than the fact that Brooks and the petitioner jointly or severally owned several businesses. At worst, Brooks' evidence could potentially elicit a damaging cross-examination. Furthermore, the petitioner has not provided any evidence showing that he was prejudiced by this decision. Thus, the petitioner's claim on this issue is without merit.

Fourth, the petitioner's counsel was not ineffective for failing to hire a fingerprint expert. This point of error is now essentially moot as the petitioner impliedly abandoned this point at his § 2255 hearing, offering no evidence to show the necessity for hiring his own fingerprint expert. If the petitioner had

11

pursued this point of error, however, counsel's decision not to hire a fingerprint expert must only be reasonable. Wiggins v. Smith, 539 U.S. 510 (2003). "Whether counsel should have retained an expert is speculative, and this argument falls into the category of merely second-guessing a defense strategy." Because the petitioner offered no evidence on this point of error at his hearing, this Court cannot adjudge whether counsel's decision to not retain a fingerprint expert was reasonable. Accordingly, this Court finds that the petitioner's claim on this ground is without merit.

Fifth, petitioner's counsel was not ineffective for failing to pursue a claim for mistrial arising out of a juror allegedly seeing the petitioner in shackles. The petitioner's argument concerning this point of error is based in large part on speculation. At the conclusion of the second day of trial, and after the jurors had been excused, the Deputy Marshals were escorting the petitioner from the courtroom, with the petitioner's hands cuffed behind his back, when a juror mistakenly walked back into the courtroom. The Deputy Marshals instructed the petitioner not to move and then stood by the petitioner until the juror exited the courtroom. The Deputy Marshals informed the trial judge of this incident the next morning at a meeting convening the parties, at which time Deputy Marshal Sara Beth Ahrens opined that the juror could not have seen the petitioner in restraints. Petitioner's counsel stated that he would take no action, and Assistant United States Attorney Robert

H. McWilliams, Jr. stated that a mistrial was unnecessary because the petitioner could not show any prejudice. The trial judge made no further inquiry, no cautionary instruction was given to the jury, and the petitioner's counsel did not move for a mistrial. On these facts, the petitioner claims that he suffered ineffective assistance of counsel.

This Court disagrees. There remains no evidence that the juror actually saw the petitioner in restraints. There is no evidence that the juror told other members of the jury that she had seen the petitioner in restraints. No evidence exists that shows that the jury deliberations were impacted by a juror seeing the petitioner in restraints. In essence, the petitioner is making a purely speculative argument that cannot be proven by the evidence before this Court. Furthermore, in the per curiam opinion United States v. Diamond, 561 F.2d 557, 559 (4th Cir. 1977), the Fourth Circuit held that "we do not think that the district court was required to declare a mistrial because a juror inadvertently saw defendant . . . in handcuffs during the course of the trial, since neither defendant has shown actual prejudice." See also Wright v. State of Texas, 533 F.2d 185, 187 (5th Cir. 1976); United States v. Leach, 429 F.2d 956, 962-63 (8th Cir. 1970); Gregory v. United States, 365 F.2d 203, 205 (8th Cir. 1966); Way v. United States, 285 F.2d 253, 254 (10th Cir. 1960) (all cited with approval in Diamond, 561 F.2d at 559). In this case, the Deputy Marshal explained to the judge that she did not think the juror saw the

petitioner in shackles.  Petitioner's counsel made a reasonable decision to not pursue the matter further, possibly unnecessarily drawing juror attention to the matter.  Accordingly, this Court rejects the petitioner's final argument that his counsel was ineffective.

In his objections, the petitioner argues that his trial counsel basically abandoned him by failing to spend any meaningful time with the petitioner prior to his trial.  However, the petitioner did not raise this point of error in his original § 2255 petition, and therefore, the petitioner's argument is not properly before this Court.  See <u>Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[T]he party aggrieved is entitled to a review of the bidding rather than to a fresh deal.  The rule does not permit a litigant to present new initiatives to the district judge.  We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.").  Accordingly, this Court will not address the petitioner's arguments that he asserts for the first time in his objections to the magistrate judge's report and recommendation.

## V. Conclusion

Based upon a <u>de novo</u> review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, affirmed and adopted in its entirety.  Accordingly, for the

reasons set forth above, the petitioner's §2255 petition is DENIED. It is further ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 20, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE