# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KOFIE AKIEM JONES,**

        Petitioner,

**v.**                                                                          Civil Action No. 1:11cv65
                                                                          Criminal Action No. 1:03cr47-1

**UNITED STATES OF AMERICA,**        (Judge Stamp)

        Respondent.

## REPORT AND RECOMMENDATION

## I. PROCEDURAL HISTORY

On April 27, 2011, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The respondent was not ordered to answer the motion.

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.09.

## II. FACTS

**A.**     **Conviction**

On January 28, 2004, after a three-day trial, petitioner was found guilty to Counts One - Six of the indictment: conspiracy to rob banks and interfere with commerce by threats and violence, in violation of Title 18, USC, § 371; attempted bank robbery, in violation of Title 18, USC, §§ 2113(a) and 2 and Pinkerton v. U.S., 328 U.S. 640 (1946); armed bank robbery, in violation of Title 18, USC, §§ 2113(a) and (d) and 2 and Pinkerton v. U.S., 328 U.S. 640 (1946); possession of a firearm in furtherance of a crime of violence, in violation of Title 18, USC, §§ 924(c)(1)(A)(ii) and 2 and Pinkerton v. U.S., 328 U.S. 640 (1946); interference with commerce

1

by threats and violence, in violation of Title 18, USC, §§1951 and 2 and Pinkerton v. U.S., 328 U.S. 640 (1946); and possession of a firearm in furtherance of a crime of violence, in violation of Title 18, USC, §§ 924(c)(1)(A)(ii) and (C)(i) and 2 and Pinkerton v. U.S., 328 U.S. 640 (1946). (Dkt.# 31).

**B.     Sentencing**

After a sentencing hearing held on May 17, 2004, petitioner was sentenced to mandatory terms of concurrent life imprisonment on all six counts as a three-strike offender pursuant to 18 U.S.C. §3559(c)(1(F), to be followed by concurrent five-year terms of supervised release on all six counts. (Dkt.# 154 and 155).

**C.     Appeal**

Petitioner filed a notice of appeal on May 26, 3004. (Dkt.# 158).  On appeal, he challenged the use of his 1996 conviction for a 1994 armed robbery as a "strike" under the 18 U.S.C. §3559(c)(1(F) three-strike rule, arguing that it was a "non-qualifying felony" because he and his accomplice never brandished or threatened to use a weapon.  The decision of the District Court was affirmed by unpublished *per curiam* opinion on February 9, 2005.  (Dkt.# 183). Petitioner did not file for rehearing or petition for writ of certiorari.

**D.     Federal Habeas Corpus**

Petitioner filed his first Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255 on February 6, 2006.  After an evidentiary hearing was held on May 16, 2007 (Dkt.# 218), the motion was denied on its merits on October 20, 2008. (Dkt.# 228).  Petitioner sought to appeal the denial of the § 2255 motion but his motion for a certificate of appealability was denied by the Fourth Circuit Court of Appeals and his appeal was dismissed by unpublished per curiam opinion on July 20, 2009.  (Dkt.# 234).

Petitioner filed this present and second Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255 on April 27, 2011. (Dkt.# 247).

### F. Recommendation

Based upon a review of the record, I recommend petitioner's § 2255 motion be denied and dismissed from the docket for lack of jurisdiction because it is a second and successive motion and petitioner did not receive authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion.

### III. ANALYSIS

Section 2255 provides as follows regarding a second or successive motion:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). The petitioner's first § 2255 motion was considered and dismissed on the merits. Accordingly, the undersigned finds petitioner's current § 2255 motion is a successive motion.

The petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive § 2255 motion in this Court. Therefore, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, the Court has no jurisdiction over this matter and must dismiss the motion for lack of jurisdiction.

Consequently, I recommend the Petitioner's § 2255 motion to be denied with prejudice for lack of jurisdiction.

## IV. RECOMMENDATION

The undersigned recommends that the Court enter an Order **DENYING WITH PREJUDICE** Petitioner's motion and dismissing the case from the docket for lack of jurisdiction because his motion is a second and successive motion and he has not received authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion.

Any party may file **within fourteen (14) days** after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objection should also be submitted to the United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: April 27, 2011

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE