IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KOFIE AKIEM JONES,

    Petitioner,

v.                              Civil Action No. 1:11CV65
                            (Criminal Action No. 1:03CR47-01)
UNITED STATES OF AMERICA,             (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255(F)(2)**

I.  Background

On April 27, 2011, the pro se[1] petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On January 28, 2004, a jury found the petitioner guilty to Counts One through Six of the indictment. The petitioner was then sentenced to mandatory terms of concurrent life imprisonment on all six counts as a three strike offender pursuant to 18 U.S.C. § 3559(c)(1)(F), to be followed by concurrent five year terms of supervised release on all six counts. Thereafter, on May 26, 2004, the petitioner filed a notice of appeal. The United States Court of Appeals for the Fourth Circuit affirmed this Court on February 9, 2005.

On February 6, 2006, the petitioner filed his first motion to vacate, set aside, or correct sentence by a person in federal

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

custody pursuant to 28 U.S.C. § 2255.  The motion was denied by this Court on October 20, 2008.  The petitioner then filed a notice of appeal, and the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal on July 20, 2009.  This matter was referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

The magistrate judge entered a report on April 28, 2011, recommending that the petitioner's § 2255 petition be denied and dismissed with prejudice.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation.  This Court granted the petitioner's motion for an extension of time to file objections on or before May 31, 2011.  The petitioner filed late objections on June 6, 2011.  For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety, and the petitioner's § 2255 petition must be denied and dismissed with prejudice.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made.  However, failure to file objections to the magistrate judge's proposed findings and

recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### III. Discussion

Title 28, United States Code, Section 2255(h) provides that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. A § 2255 petition is successive when the first petition was dismissed on the merits. Harvey v. Horan, 278 F.3d 370, 379 (4th Cir. 2002).

In this case, this Court considered and denied on the merits the petitioner's first § 2255 motion. The petitioner's current motion is a subsequent petition under § 2255, which challenges the same sentence that was challenged in his first § 2255 motion. On April 28, 2011, the United States filed a response, even though the magistrate judge had not ordered the United States to respond. In

that response, the United States states that it appears the defendant may be entitled to the relief he seeks.

In his objections to the magistrate judge's report and recommendation, the petitioner argues his petition on the merits. However, the petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion in this Court. Because the petitioner did not obtain the appropriate authorization from the Fourth Circuit to file a second or successive § 2255 petition, this Court must dismiss petitioner's motion for lack of jurisdiction. The petitioner may seek a certificate of appealability from the Fourth Circuit Court of Appeals. If the petitioner is granted a certificate of appealability, this Court will have jurisdiction to hear the petitioner's claim on the merits.

## IV. Conclusion

For the reasons stated above, based upon a de novo review, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety and the petitioner's objections are OVERRULED. Accordingly, the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk

of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability for this civil action, which finds that this Court lacks jurisdiction because the petitioner has not yet petitioned the Court of Appeals for a certificate of appealability to file a successive habeas petition. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability for this civil action.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

However, as mentioned above, 28 U.S.C. § 2255(h) provides that a petitioner may move the appropriate court of appeals for an order authorizing the district court to consider the application. Accordingly, the petitioner may move for a separate certificate of

appealability requesting such an order. This separate motion would be for a certificate of appealability requesting permission to file a successive habeas petition, not a certificate of appealability to appeal this memorandum opinion and order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 10, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE