IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KOFIE AKIEM JONES,

    Petitioner,

v.                                       CRIMINAL ACTION NO. 1:03cr47
                                         CIVIL ACTION NO. 1:12cv42
                                           (Judge Stamp)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECCOMENDATION THAT PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS FEDERAL SENTENCE PURSUANT TO 28 U.S.C. § 2255 BE GRANTED

### Introduction

On March 8, 2012, Petitioner, through counsel, filed the instant motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 266). On March 22, 2012, an Order to Answer was entered. (Doc. 267). Respondent filed a response on May 17, 2012. (Doc. No. 270).

### Facts

**A.** Conviction and Sentence

On January 28, 2004, following a three-day jury trial, Petitioner was found guilty of six criminal counts, all related to his participation in an armed bank robbery. (Doc. No. 31; Doc. No. 117). On May 17, 2004, Petitioner was sentenced to mandatory terms of concurrent life imprisonment on all six counts as a three-strike offender pursuant to 18 U.S.C. § 3559(c)(1)(F), to be followed by concurrent five-year terms of supervised release on all six counts. (Doc. No. 155). His two prior qualifying offenses were a second-degree assault conviction on December 6, 2001 and a robbery conviction on April 3, 2006. (Doc. No. 154).

1

**B. Appeal**

Petitioner filed a notice of appeal on May 26, 2004. (Doc. No. 158). On February 9, 2005, the United States Court of Appeals for the Fourth Circuit affirmed his judgment and sentence. (Doc. No. 182).

**C. Federal Habeas Corpus**

On February 6, 2006, Petitioner filed his first motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel, violations of due process, and actual innocence. (Doc. No. 186). The motion was denied by this Court on October 20, 2008. (Doc. No. 228). Petitioner then filed a notice of appeal, but the Fourth Circuit declined to issue a certificate of appeal ability and dismissed the appeal on July 20, 2009. (Doc. No. 229; Doc. No. 234).

On March 10, 2011, Petitioner's 2001 assault conviction was vacated by the State of Maryland. (Doc. No. 266-1, P. 15). On April 26, 2011, Petitioner filed, *pro se*, a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, claiming that re-sentencing was necessary because one of the prior convictions used to enhance his sentence had been vacated. (Doc. No. 247). The motion was denied in error by this Court on June 10, 2011, based upon the mistaken determination that it was second or successive.[1] (Doc. No. 259).

On March 8, 2012, Petitioner filed the instant motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, reiterating the claim made in his 2011 habeas

---

[1] Although no Order to Answer was filed, a careful review of the docket reveals that the United States filed a Response on April 28, 2011, indicating that it needed additional time to contact the petitioner's state public defender to verify his claims. The response requested that the matter be set at least 45 days out to give both parties the opportunity to gather their evidence and prepare for possible re-sentencing. Because the United States did not file their request in the form of a Motion, it would appear that their Response was overlooked by the assigned Magistrate Judge.

petition. (Doc. No. 266). On May 17, 2012, Respondent filed a response, which articulates its belief that Petitioner is entitled to the relief that he seeks. (Doc. No. 270).

Recommendation

Based upon a review of the record, the undersigned recommends that Petitioner's motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255 be **GRANTED** because (1) the motion was timely filed, (2) the motion is not second or successive, and (3) Respondent concedes that Petitioner is entitled to the relief that he seeks.

Analysis

**A._Timeliness**

Petitioner's motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255 was timely filed because it was filed within one year after the facts supporting the claim could have been discovered through the exercise of due diligence. In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. The limitation period shall run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Looking more specifically at the fourth provision listed above, the United States Supreme Court, in Johnson v. United States, held that the vacatur of a predicate conviction is a new fact that triggers a fresh one-year statute of limitations for a 2255 motion, so long as the petitioner exercised due diligence in seeking the vacatur. Johnson v. United States, 544 U.S. 295 (2005).

Here, Petitioner filed the instant motion within one year after the vacatur of his assault conviction. Specifically, the assault conviction was vacated on March 10, 2011, and the instant motion was filed on March 8, 2012. Therefore, the instant motion was timely filed, so long as Petitioner exercised due diligence in seeking the vacatur of his assault conviction. The record indicates that Petitioner did exercise due diligence in seeking the vacatur of his assault conviction. He initiated post-conviction proceedings against the assault conviction as early as February 6, 2005, and the five-year delay prior to the vacatur of the conviction was beyond his control. (Doc. No. 266-1, P. 3; Doc. No. 266-1, P. 30).

### A. Second or Successive

Petitioner's instant motion to vacate, set aside, or correct his federal sentence , although numerically successive, does not qualify as second or successive under ADEPA. A habeas petition will qualify as second or successive if a previous petition has raised identical issues and been dismissed on its merits. Slack v. McDaniel, 529 U.S. 473, 485-486 (2000); See Also In re Taylor, 171 F.3d 185, 187 (4th Cir. 1999).

Here, Petitioner has previously filed two habeas petitions, one in 2006 and one in 2011. With reference to the 2006 petition, the instant petition is not second or successive because the two petitions address entirely different issues. The 2006 petition alleged ineffective

assistance of counsel, violations of due process, and actual innocence. The instant petition, on the other hand, alleges that Petitioner should be re-sentenced based on the vacatur of his 2001 assault conviction. With reference to the 2011 petition, the instant petition is not second or successive because the 2011 petition was not dismissed on its merits; it was incorrectly dismissed for being second or successive.

Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that Petitioner's motion to vacate, set aside, or correct his federal sentence (Doc. 265) be **GRANTED**, and this matter be scheduled for resentencing.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp. Jr., United States District Court Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and

Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: June 1, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE