# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

**KOFIE AKIEM JONES,**

      Petitioner,

v.

**UNITED STATES OF AMERICA,**

      Respondent.

**CIVIL ACTION NO.: 1:13CV267**
**CRIMINAL ACTION NO.: 1:03CR47-1**
**(STAMP)**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On December 23, 2013, Petitioner, acting *pro se*, filed his fourth Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [ECF No. 308] ("the Petition"). On March 27, 2014, Respondent filed its Response [ECF No. 312] to the Petition, asserting that the Petition is the second Motion Under 28 U.S.C. § 2255 that Petitioner has filed on the grounds of ineffective assistance of counsel, as well as the fourth in total, and should be dismissed as a "second or successive" motion. On April 8, 2014, Petitioner filed his Reply [ECF No. 314], arguing that the Petition is the first Motion Under 28 U.S.C. § 2255 that he has filed since his resentencing and that, therefore, the Petition should not be considered second or successive. On April 11, 2014, Respondent filed its Response to Petitioner's Reply [ECF No. 316], asserting that, while Circuits are split on the issue of whether resentencing "start[s] anew the 2255 process," this Court should adopt the Seventh Circuit's ruling, which considers a motion successive if it challenges the underlying

conviction and not the resentencing, and deny the Petition as a second or successive motion. The matter has now been referred to the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge. 28 U.S.C. § 636(b)(1)(B) (2009); Fed. R. Civ. P. 72(b). For the reasons set forth below, the undersigned finds that the Petition constitutes a second or successive motion over which this Court lacks jurisdiction.

## II. BACKGROUND

**A. Conviction, Sentence and Appeal**

On September 4, 2003, Petitioner was charged with the following offenses in a multi-defendant criminal indictment:

Count 1: Conspiracy to rob banks and interfere with commerce by threats and violence, in violation of 18 U.S.C. § 371;

Count 2: Attempted bank robbery, in violation of 18 U.S.C. §§ 2113(a) & 2 and Pinkerton v. United States, 328 U.S. 640 (1946);

Count 3: Armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) & 2 and Pinkerton v. United States, 328 U.S. 640 (1946);

Count 4: Possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2 and Pinkerton v. United States, 328 U.S. 640 (1946);

Count 5: Interference with commerce by threats and violence, in violation of 18, U.S.C. §§ 1951 & 2 and Pinkerton v. United States, 328 U.S. 640 (1946); and

Count 6: Possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (C)(i), & 2 and Pinkerton v. United States, 328 U.S. 640 (1946).

Indictment, ECF No. 31. A jury trial was held on October 28, 2003, which lasted approximately three days. Mem. Op. & Order, ECF No. 154. Following the trial, Petitioner was found guilty of all six counts of the indictment. Jury Verdict, ECF No. 117.

On May 20, 2004, Petitioner was sentenced as a three-strike offender, pursuant to 18 U.S.C. § 3559(c)(1)(F), to "[l]ife [imprisonment] on each of the six counts, to run concurrently," followed by concurrent five-year terms of supervised release on all six counts. Judg. & Commitment Order, ECF No. 155. Petitioner's prior qualifying offenses were a conviction of robbery on April 3, 1996, and a conviction for second-degree assault on December 6, 2001. Sentencing Mem., ECF No. 138. Afterwards, on May 26, 2004, Petitioner filed his Notice of Appeal. Notice of Appeal, ECF No. 158. In the notice, Petitioner argued that the trial court had erred in considering the 1996 conviction for robbery as a "strike" under the sentencing statute. Id. On February 9, 2005, the United States Court of Appeals for the Fourth Circuit denied Petitioner's appeal and affirmed his sentence. United States v. Jones, 122 F. App'x. 27 (4th Cir. 2005).

**B.    Motions to Vacate**

   **1.  First Motion to Vacate Filed on February 6, 2006**

On February 6, 2006, Petitioner filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Motion, ECF No. 186. In this motion, Petitioner asserted various ineffective assistance of counsel arguments. Id. The matter was referred to Magistrate Judge Kaull, who held a hearing on

May 16, 2007.[1] Order, ECF No. 228. Subsequently, Magistrate Judge Kaull entered a Report and Recommendation listing the following findings of fact and law:

(1) Petitioner's claim that his attorney ineffectively represented him by defectively cross-examining a government witness was without merit because this was a tactical decision made by counsel in the midst of trial, and because Petitioner did not suffer any prejudice from the cross-examination;

(2) Petitioner's claim that his attorney ineffectively represented him by failing to investigate Petitioner's alibi defense must fail because there is no evidence that Petitioner told his attorney pre-trial of any alibi witnesses that could testify in support of the alibi;

(3) Petitioner's claim that his attorney ineffectively represented him by failing to put Petitioner's only witness on the stand lacks merit because if the evidence was offered at trial, it would not have proved anything useful in Petitioner's case;

(4) Petitioner's claim that his attorney ineffectively represented him by failing to hire a fingerprint expert was without merit because Petitioner abandoned this argument in the evidentiary hearing, offering no evidence regarding the need to have his own fingerprint analyst; and

(5) Petitioner's claim that his attorney ineffectively represented him by failing to pursue a mistrial after a juror allegedly saw Petitioner in shackles must also fail because there was no evidence that Petitioner was seen in shackles by the juror, and because there was no showing that the jury deliberations were impacted in any way by this inadvertent meeting. In his objections, Petitioner reiterates his arguments made in his original § 2255 motion. **Petitioner also asserts a new point of error, asserting that his trial counsel wholly abandoned him by failing to spend any significant time with Petitioner prior to the start of trial.**

Id. (emphasis added). On October 20, 2008, District Judge Stamp adopted Magistrate Judge Kaull's Report and Recommendation and denied Petitioner's motion. Id. While Petitioner filed a Notice of Appeal, the Fourth Circuit Court of

---

[1] Petitioner appeared in person and by counsel at this hearing. R. & R., ECF No. 224. The following witnesses offered testimony: Petitioner, John Elder, Tahisha Brooks, Jerald E. Jones, James M. Pool and Michael Kocher. Id.

Appeals declined to issue a certificate of appealability and dismissed the appeal. Per Curiam of USCA, ECF No. 234.

### 2. Second Motion to Vacate Filed on April 27, 2011

On April 26, 2011, Petitioner filed his second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Motion, ECF No. 247. The matter was referred to Magistrate Judge Seibert. R. & R., ECF No. 251. On April 28, 2011, Magistrate Judge Seibert entered a Report and Recommendation, advising that the Court deny Petitioner's motion for lack of jurisdiction because he had not obtained a certificate of appealability from the Fourth Circuit Court of Appeals. Id. On June 10, 2011, District Judge Stamp adopted the Report and Recommendation and denied Petitioner's motion. Mem.Op. & Order, ECF No. 259.

### 3. Third Motion to Vacate Filed on March 8, 2012

On March 8, 2012, Petitioner filed a Consolidated Motion for Resentencing Pursuant to 18 U.S.C. § 3559(c)(7) and Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. Motion ("Consol. Mot."), ECF No. 265. The basis of this motion was in essence the same as Petitioner's second motion.[2] Id. In the motion, Petitioner explained that he had been sentenced as a three-strike offender based on his 2001 and 2006 convictions for second-degree assault and robbery, respectively. Mem. Op. & Order, ECF No. 154. Petitioner further explained that, on March 10, 2011, his 2001 second-degree assault conviction had been overturned. Consol. Mot. at 2. In its Response, Respondent agreed that Petitioner was entitled to resentencing. Response, ECF No. 270.

---

[2] On June 25, 2012, District Judge Stamp ruled that Petitioner's second § 2255 motion was "denied in error . . . based upon the mistaken determination that it was second or successive." Mem. Op. & Order at 2, ECF No. 273.

5

The matter was referred to Magistrate Judge Kaull, who issued a Report and Recommendation on June 1, 2012, proposing that Petitioner was entitled to "re-sentenc[ing] based on the vacatur of his 2001 assault conviction." R. & R., ECF No. 271. On June 25, 2012, District Judge Stamp adopted the Report and Recommendation. Mem. Op. & Order, ECF No. 273. Subsequently, following a resentencing hearing, Petitioner was resentenced to the following terms of imprisonment:

| | |
|---|---|
| Count 1: | 60 months; |
| Counts 2, 3 & 5: | 151 months on each count to run concurrent with each other and with Count One; |
| Count 4: | 84 months to run consecutive to Counts One, Two, Three and Five; |
| Count 6: | 300 months to run consecutive to Count 4, for a total term of 535 months, with credit for time served from July 19, 2003. |

Amended Judg., ECF No. 283. Additionally, Petitioner was resentenced to the following terms of supervised release:

| | |
|---|---|
| Counts 1, 2 & 5: | 3 years on each count to run concurrent with each other; |
| Counts 3, 4 & 6: | 5 years on each count to run concurrent with each other and with Counts One, Two and Five. |

Id. Petitioner filed his Notice of Appeal on October 3, 2012. Notice of Appeal, ECF No. 285. On April 2, 2013, the Fourth Circuit Court of Appeals affirmed Petitioner's new sentence, which became final on May 6, 2013. United States v. Jones, 517 F. App'x. 143 (4th Cir. 2013); Mandate, ECF No. 302.

**4. Instant Petition Filed on December 23, 2013**

On December 23, 2013, Petitioner filed the instant Petition. Motion, ECF No.

308. In the Petition, Petitioner raises three grounds for relief. Id. First, Petitioner argues that he was denied his Sixth Amendment right to effective assistance of counsel during his trial. Id. at 4. Second, Petitioner argues that his Fifth and Sixth Amendment "entitlements were denied when he was charged and convicted of a second [18 U.S.C.] § 924(c) offense." Id. at 28. Specifically, Petitioner contends that, while two counts in the Indictment charged him with violating 18 U.S.C. § 924(c), "neither count charged that one of the violations constituted a second offense, as . . . defined by 18 U.S.C. § 924(c)(1)(C)(i)." Id. at 29. Petitioner further contends that the sentencing judge determined by a preponderance of the evidence that one of the counts charging him with an offense under 18 U.S.C. § 924(c) constituted a second offense, violating Alleyne v. United States, 133 S.Ct. 2151 (2013). Id. Finally, Petitioner argues that he was denied due process of law when the jury was given incorrect instructions and when he was convicted of aiding and abetting an attempt to rob a bank, which he asserts is a non-existent crime. Id. at 32.

In its Response to the Petition, Respondent argues that the Petition requires authorization from the Fourth Circuit Court of Appeals. Response at 2, ECF No. 312. Respondent further argues that, because Petitioner failed to obtain the required authorization, this Court lacks jurisdiction over the Petition. Id. In his Reply, Petitioner counters by arguing that the Petition is not second or successive because it is the first that has been filed since his resentencing. Reply to Response at 1, ECF No. 314. In its Response to Plaintiff's Reply, Respondent argues that, although several Circuits treat resentencing as starting anew the § 2255 process, this Court should follow the Seventh Circuit's ruling, which considers a motion successive if it challenges the

underlying conviction and not the resentencing. Response at 1, ECF No. 316 (referring to the Seventh Circuit's decision in Suggs v. United States, 705 F.3d 279, 285 (7th Cir. 2013) cert. denied, 133 S.Ct. 2339, 185 L. Ed. 2d 1064 (U.S. 2013)).

### III. DISCUSSION

#### A. Prohibition on Second or Successive § 2255 Motions

A "federal inmate may file one § 2255 motion to vacate, set aside or correct [his] sentence after his judgment of conviction has become final." In re Vassel, 751 F.3d 267, 268 (4th Cir. 2014) (citations omitted). After the first § 2255 motion has been filed, a subsequent § 2255 motion will be considered "second or successive" if the first motion was adjudicated on the merits. In re Fowlkes, 326 F.3d 542, 545, 548 n.2 (4th Cir. 2003). If an inmate desires to file a second or successive § 2255 motion, then "he must obtain authorization from a panel of the appropriate court of appeals," which in this jurisdiction is the Fourth Circuit Court of Appeals. In re Vassel, 751 at 268. A second or successive § 2255 motion must contain one of the following to receive authorization:

(1) Newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) A new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

In the present case, the Fourth Circuit Court of Appeals has not certified the Petition, Petitioner's fourth § 2255 motion, for appeal. Moreover, had Petitioner sought such certification, the Petition fails to satisfy the requirements of 28 U.S.C. § 2255(h). Specifically, the Petition fails to assert any newly discovered evidence establishing

Petitioner's innocence or a new rule of constitutional law. Consequently, it initially appears that the Petition must be denied as second or successive. Petitioner, however, argues that his resentencing should start anew the § 2255 process, an issue that is undecided in this Circuit.

**B.      Whether a Second-in-Time Motion Filed Under 28 U.S.C. § 2255 is Barred as "Second or Successive" When a Prisoner has been Resentenced**

Petitioner relies on the Supreme Court case of Magwood v. Patterson, 561 U.S. 320 (2010) to prevent the dismissal of the Petition. Reply to Response at 1, ECF No. 314. Specifically, Petitioner contends that, under the Magwood Court's ruling, his resentencing should be considered to have resulted in the entry of a new judgment, to which he is entitled to challenge for the first time. Id. Respondent counters by arguing that, "[b]ecause [the Petition] challenges [Petitioner's] underlying conviction, not his resentencing," the Petition should be considered successive to his previous motions. Response at 1, ECF No. 316.

In Magwood, the petitioner was found guilty of capital murder and sentenced to death after shooting and killing a sheriff. Magwood, 561 U.S. at 323. Subsequently, the petitioner filed a motion under 28 U.S.C. § 2254 to challenge the state court judgment against him. Id. The district court conditionally granted the motion, ordering that the petitioner be released or resentenced. Id. After a resentencing hearing, the petitioner was again sentenced to death. Id. The petitioner filed a second § 2254 motion, challenging his new sentence on the grounds that "he did not have fair warning that his offense could be punished by death[] and that he received constitutionally ineffective assistance of counsel at resentencing." Id. at 327. While the Government challenged the second motion as successive, the Magwood Court held that it "challenges a new

9

judgment for the first time . . . [and] is not "second or successive." Id. at 324. However, the Court noted the petitioner was challenging his new sentence, not the underlying conviction. Id. at 322.

The first issue is whether the holding from Magwood applies to § 2255 cases. While the Fourth Circuit has not explicitly ruled on this issue,[3] Respondent does not contest that the Magwood holding applies. Response at 1-2, ECF No. 316. Consequently, the undersigned will assume without deciding that the Magwood holding applies in the present case.

The next issue revolves around whether a later-in-time § 2255 motion should be barred if it challenges the underlying conviction and not a new sentence, a question left unanswered by the Magwood Court. The Circuits are split on this issue. The Second, Ninth and Eleventh Circuits have held that a petitioner's challenge of the underlying conviction following resentencing is *not* second or successive. Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273 (11th Cir. 2014) (reasoning that a "judgment" is comprised of both the sentence and the conviction and that, accordingly, resentencing results in a new judgment, "making this the first challenge to that new judgment"); see also Wentzell v. Neven, 674 F.3d 1124 (9th Cir. 2012); Johnson v. United States, 623 F.3d 41 (2nd Cir. 2010). Alternatively, the Fifth and Seventh Circuits have held that that a petitioner's challenge of the underlying conviction following resentencing *is* second or successive.

---

[3] While the Fourth Circuit has not ruled on this issue, other Circuits have held that the Magwood holding indeed applies to § 2255 cases. See, e.g., Suggs v. United States, 705 F.3d 279, 283 n.1 (7th Cir. 2013) (reasoning that "the bar on second or successive challenges under [S]ection 2254 is parallel to the bar under [S]ection 2255"); In re Lampton, 667 F.3d 585, 587-88 (5th Cir. 2012) (reasoning that the phrase "second or successive" appears "in both § 2244 and § 2255, and it carries the same meaning in both provisions"). A District Court in the Southern District of West Virginia has also so held. Jackson v. United States, No. 3:12-3350, 2014 WL 1351105 (S.D. W. Va. Apr. 4, 2014) (detailing several Circuits' reasoning in applying the holding from Magwood to § 2255 cases and declaring that "this Court finds their reasoning persuasive").

10

Kramer v. United States, 797 F.3d 493 (7th Cir. 2015) (reasoning that the petitioner's § 2255 motion challenged the underlying conviction, not the resentencing, and is therefore second or successive); see also In re Lampton, 667 F.3d 585, 587-88 (5th Cir. 2012).

The undersigned finds the reasoning of the Fifth and Seventh Circuits persuasive. In the present case, Petitioner contends that he was denied effective assistance of counsel during his trial and challenges the indictment, his jury instructions and his underlying conviction. Petitioner does not, however, challenge his resentencing. Because these claims were ripe at the time of his initial § 2255 motion, Petitioner has already had the opportunity to raise these claims. In fact, Petitioner did raise many of the arguments asserted in the instant Petition in his first § 2255 motion. While Petitioner now has the opportunity to challenge his resentencing with a § 2255 motion that would not be considered second or successive, Petitioner does not get one more bite at the apple by using the opportunity to once again attack his underlying conviction. Therefore, the Petition is a second or successive motion for which Petitioner failed to receive the required authorization from the Fourth Circuit Court of Appeals and over which this Court lacks jurisdiction.

### III. RECOMMENDATION

For the reasons herein stated, I recommend that Petitioner's fourth Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [ECF No. 308] be **DENIED** for lack of jurisdiction as a second or successive motion, for which Petitioner failed to receive authorization from the Fourth Circuit Court of Appeals to file, and that this case be **DISMISSED WITH PREJUDICE**.

I further recommend that Petitioner's Motion to Supplement Petition [ECF No. 315], Motion to Amend Petition [ECF No. 318] and Motion to Supplement [ECF No. 320] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in a waiver of the right to appeal from a judgment of this Court based upon this Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 27th day of October, 2015.

_Robert W. Trumble_
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE