IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KOFIE AKIEM JONES,

       Petitioner,

v.                                     Civil Action No. 1:13CV267
                                           (Criminal Action No. 1:03CR47-01)
UNITED STATES OF AMERICA,                      (STAMP)

       Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
DENYING PETITIONER'S MOTION
AND DISMISSING CIVIL ACTION**

The issue in this case is whether a motion filed under 28 U.S.C. § 2255 collaterally attacking the underlying conviction is "second or successive" when it was filed after the petitioner was resentenced. The petitioner, Kofie Akiem Jones ("Jones"), filed this pro se[1] § 2255 motion challenging the validity of his conviction. This matter was referred to United States Magistrate Judge Robert W. Trumble under Local Rule of Civil Procedure 72.01. The magistrate judge issued a report recommending that this Court deny the motion as second or successive. Jones did not file objections to the report and recommendation. For the following reasons, this Court adopts and affirms the report and recommendation, denies the motion, and dismisses this civil action.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

## I. Background

Jones was convicted of conspiracy to rob banks, attempted bank robbery, armed bank robbery, two counts of possession of a firearm in furtherance of a violent crime in violation of 18 U.S.C. § 924(c), and interference with commerce by threats of violence. This Court sentenced Jones to six concurrent life sentences as a three-strikes offender under 18 U.S.C. § 3559(c)(1).

Jones filed his first motion under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. Specifically, Jones argued that defense counsel: (1) defectively cross-examined a government witness; (2) failed to investigate Jones's alibi defense; (3) failed to call Jones's only witness; (4) failed to hire a fingerprint expert; and (5) failed to move for a mistrial after the a juror saw Jones in shackles during trial. After an evidentiary hearing, this Court denied the motion and found that Jones failed to demonstrate ineffective assistance of counsel.

In 2011, one of Jones's predicate "three strikes" convictions was vacated. He filed a second § 2255 motion seeking resentencing under 18 U.S.C. § 3559(c)(7), which requires a court to resentence a three-strikes offender when one of his predicate offenses is overturned. This Court mistakenly denied that motion as successive. Jones then filed a third § 2255 motion seeking resentencing under § 3559(c)(7). This Court granted the motion

and resentenced Jones to 535 months imprisonment and five years of supervised release.

Jones filed this fourth motion to vacate under § 2255. He alleges three grounds for vacating his conviction and sentence: (1) ineffective assistance of counsel; (2) that he was convicted of a second violation of § 924(c) without being specifically charged with a "second" violation and without a jury finding a "second" violation; and (3) that his due process rights were violated because the jury instructions were incorrect. Jones argues that his motion is not second or successive because, under Magwood v. Patterson, 561 U.S. 320 (2010), it constitutes a new judgment intervening between his § 2255 motions. Jones also argues that his petition is not successive because Rosemond v. United States, 134 S. Ct. 1240 (2014), created a new rule that invalidates his § 924(c) convictions. Magistrate Judge Trumble recommended denying the motion as second or successive. Jones did not file objections to the report and recommendation.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed no objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III. <u>Discussion</u>

Generally, a § 2255 motion is second or successive if the petitioner has already filed such a motion and it was dismissed on the merits. <u>Harvey v. Horan</u>, 278 F.3d 370 (4th Cir. 2002). A petitioner cannot file a second or successive § 2255 motion unless it is certified by a panel of the appropriate court of appeals and contains either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Jones does not dispute that he previously filed a § 2255 motion attacking the validity of his conviction or that he failed to seek certification from the United States Court of Appeals for the Fourth Circuit to file this motion. However, Jones argues that, under <u>Magwood v. Patterson</u>, 561 U.S. 320 (2010), his motion is not second or successive because his resentencing constitutes a new judgment intervening between his first motion and this motion. Thus, the issue is whether this Court's resentencing of Jones constituted a new, intervening judgment. This is an issue of first impression in the Fourth Circuit.

4

In Magwood, the petitioner filed his second motion under 28 U.S.C. § 2254 challenging the validity of his sentence imposed by a state court at resentencing. The Supreme Court held that "where . . . there is a new judgment intervening between two habeas petitions, an application challenging the resulting new judgment is not second or successive at all." Id. at 341-42 (citation omitted) (internal quotation marks omitted). The Court concluded that the petitioner's new sentence after resentencing constituted a new judgment, and therefore was not second or successive. Id. at 323-24. However, the Court also noted that the petitioner was challenging only the validity of his new sentence and not the validity of his underlying conviction, and therefore the Court did not consider whether a second motion challenging the underlying conviction would be barred. Id. at 342.[2]

Circuit Courts are split on whether resentencing constitutes an intervening new judgment when the petitioner collaterally attacks his underlying conviction. The Seventh Circuit relied on its pre-Magwood precedent to hold that a second § 2255 motion, filed after resentencing, that challenges the validity of the underlying conviction is a second or successive motion. Suggs v.

---

[2]The Court did note, without comment, in a footnote that several Courts of Appeals had held that a successive motion challenging the underlying conviction after resentencing were barred as successive. Id. at 342 n.16 (citing Lang v. United States, 474 F.3d 348, 351 (6th Cir. 2007); Walker v. Roth, 133 F.3d 454, 455 (7th Cir. 1997); Esposito v. United States, 135 F.3d 111, 113-14 (2d Cir. 1997)).

5

United States, 705 F.3d 279, 284 (7th Cir. 2013). The Eleventh Circuit came to the opposite conclusion based on its pre-Magwood precedent. Insignares v. Sec'y, Fla. Dep't of Corrections, 755 F.3d 1273, 1281 (11th Cir. 2014). The court concluded that the judgment of conviction and the sentence were not severable because "there is only one judgment, and it is comprised of both the sentence and the conviction." Id. It concluded, therefore, that a second § 2255 motion challenging the validity of the underlying conviction after resentencing was not second or successive because it challenged a new, intervening judgment. Id. Similarly, other Circuits are split as to whether a petition filed after one count of a multi-count conviction is vacated is second or successive when it collaterally attacks unamended portions of the judgment. The Second and Ninth Circuits have held that such petitions are not second or successive, Wentzell v. Neven, 674 F.3d 1124, 1127 (9th Cir. 2012); Johnson v. United States, 623 F.3d 41, 46 (2d Cir. 2010), while the Fifth Circuit held that such petitions are barred as successive. In re Lampton, 667 F.3d 585, 589-90 (5th Cir. 2012). The Fourth Circuit has yet to weigh in on this issue. However, the court's pre-Magwood precedent indicates that a second § 2255 motion filed after resentencing that attacks the underlying conviction is second or successive. See In re Taylor, 171 F.3d 185, 187-88 (4th Cir. 1999) (holding that the motion was not second or successive "because [the petitioner] expressly [sought] to raise

6

only those issues that originated at the time of his resentencing after his first § 2255 petition").

The text of § 2255 and 18 U.S.C. § 3582 support drawing a distinction between second motions filed after resentencing that attack the new sentence and those that attack the underlying conviction. Section 2255 speaks in terms of a petitioner's "sentence," 18 U.S.C. § 2255(a), and § 3582 draws a distinction between a judgment of conviction and a sentence. It provides that "[n]otwithstanding the fact that a sentence to imprisonment can subsequently be . . . modified . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b) (emphasis added). Thus, the modification of a sentence does not affect the finality of a judgment of conviction, unless a successful collateral attack on the underlying conviction served as the grounds for the modification.

Jones's sentence was not modified based on a successful collateral attack on his underlying conviction. Rather, this Court modified Jones's sentence under 18 U.S.C. § 3559(c)(7), which requires a court to resentence a defendant that was sentenced as a three-strikes offender if one of his predicate offenses is overturned. Jones's resentencing was not connected to his underlying conviction. Therefore, Jones's judgment of conviction still constitutes a final judgment for the purposes of his § 2255

7

motion collaterally attacking that conviction. 18 U.S.C. § 3582(b).

Jones failed to seek certification from the Fourth Circuit to file this second or successive § 2255 motion. Moreover, he fails to meet § 2255(h)'s gatekeeping requirements because his motion does not assert any newly discovered evidence or a new rule of constitutional law. While he does assert that his convictions under 18 U.S.C. § 924(c) are invalid under the Supreme Court's decision in Rosemond v. United States, 134 S. Ct. 1240 (2014), that decision was one of statutory interpretation and not one of constitutional law. See id. at 1245 (interpreting 18 U.S.C. § 2 as applied to § 924(c)). Therefore, this Court lacks jurisdiction to consider Jones's motion and finds no error in the magistrate judge's conclusions.

## IV. Conclusion

For the reasons set forth above, this Court lacks jurisdiction to consider Jones's second or successive § 2255 motion. Therefore, the magistrate judge's report and recommendation (ECF Nos. 9/323) is AFFIRMED AND ADOPTED. Accordingly, Jones's motion (ECF Nos. 1/308, 315, 318, 320) is DENIED.

It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to

the report and recommendation in this action would result in a waiver of appellate rights.  Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Under Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   December 4, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE