IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KOFIE AKIEM JONES,

    Petitioner,

v.                                   Civil Action No. 1:13CV267
                                      (Criminal Action No. 1:03CR47)
UNITED STATES OF AMERICA,                  (STAMP)

    Respondent.

**ORDER VACATING MEMORANDUM OPINION AND ORDER AND
PROVIDING PETITIONER WITH THIRTY DAYS TO FILE OBJECTIONS
TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On December 23, 2013, Petitioner, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. [ECF No. 308] ("Motion to Vacate"). On March 27, 2014, Respondent filed its Response [ECF No. 312] to the Motion to Vacate, and on April 8, 2014, Petitioner filed his Reply. ECF No. 314. On October 27, 2015, United States Magistrate Judge Robert W. Trumble issued a Report and Recommendation which recommended that the Motion to Vacate be denied for lack of jurisdiction as a second or successive petition for which the Petitioner had failed to receive authorization from the United States Court of Appeals for the Fourth Circuit. ECF No. 323. The Report and Recommendation was sent to the Petitioner by certified mail, return receipt requested, and service was accepted at FCI Gilmer on October 28, 2015. ECF No. 324. Having received no objections, the Court reviewed the magistrate judge's findings and conclusions, found no error, and entered a Memorandum Opinion

and Order on December 4, 2015, which denied Petitioner's Motion to Vacate and dismissed the civil action with prejudice. ECF No. 325.

On February 16, 2016, the Petitioner filed a Motion for Status Update/Motion to Hold Proceedings in Abeyance. ECF No. 327. In this pleading, the Petitioner alleges that around the first week of December 2015, while housed in FCC Yazoo, he received this Court's Order affirming the Magistrate Judge's Report and Recommendation. However, the Petitioner further alleges that he never received the Magistrate Judge's Report and Recommendation which prevented him from filing objections. The Petitioner maintains that he remained in segregation ("SHU") at FCC Yazoo and could not get access to his legal materials, and the SHU law library was not operational. Finally, the Petitioner alleges that he was transferred to USP Hazelton without any of his property including his legal materials. For relief, the Petitioner seeks equitable tolling, an abeyance, and apparently, an opportunity to file objections to the Report and Recommendation.

Investigation into this matter reveals that the Petitioner was confined at FCC Terre Haute from July 1, 2013, until December 8, 2014, during which time he filed his Motion to Vacate. From there, he was transferred to FCI Gilmer from December 9, 2014, until August 25, 2015. He was then transferred to FCC Yazoo City from September 9, 2015 until January 12, 2016. He was then transferred

to USP Hazelton on February 2, 2016.[1]  The Report and Recommendation was issued on October 27, 2015, but because the Petitioner had not informed the Court of his transfer, it was sent to FCI Gilmer.[2]  As well, the Order adopting the Report and Recommendation was sent to FCI Gilmer.  It is unclear why the Petitioner received the Order at Yazoo City but not the Report and Recommendation.

Having carefully considered the sequence of events, and recognizing that the Petitioner is *pro se*, the Court hereby **Vacates its Order** [ECF No. 325] which adopted the Report and Recommendation and dismissed the civil action.  Within **thirty (30) days** after being served with this Order, the Petitioner may file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections.  Failure to file timely objections will result in a waiver of the right to appeal from a judgment of this

---

[1]To the extent that there are gaps in the dates of incarceration, they reflect time spent at the Oklahoma Transfer Center.

[2]The Court notes that on the same date that he filed his Motion to Vacate, the Clerk of Court sent the Petitioner this Court's Notice of Guidelines for appearing *pro se* in Federal Court.  Included in the Notice is a directive that the *pro se* litigant must keep the court advised of his current address at all times, and failure to do so may result in the action being dismissed.  It is clear from the record that until February 16, 2016, the Petitioner never informed the Court of any transfers, and to the extent his address was updated, it was because the Clerk of Court recognized changes of address from the return address on envelopes filed by the Petitioner.

Court based upon the Report and Recommendation. In addition, the Court **DENIES** the Petitioner's Motion for an Abeyance [ECF No. 327] and **DISMISSES WITHOUT PREJUDICE** the Petitioner's Motion for a Certificate of Appealability. ECF No. 329.

The Petitioner is reminded that he must keep this Court informed of his most current address at all times. Future failure to do so will not result in further leniency in this Court's rulings.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order together with copy of the Report and Recommendation [ECF No. 323] to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record by electronic means.

DATED: February 25, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE