IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KOFIE AKIEM JONES,

    Petitioner,

v.                                          Civil Action No. 1:13CV267
                                               (Criminal Action No. 1:03CR47-01)
UNITED STATES OF AMERICA,                         (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
DENYING PETITIONER'S MOTION,
OVERRULING PETITIONER'S OBJECTIONS,
DENYING MOTION FOR APPOINTED COUNSEL,
DISMISSING CIVIL ACTION AND
GRANTING CERTIFICATE OF APPEALABILITY**

    The petitioner, Kofie Akiem Jones ("Jones"), filed this pro se[1] motion under 28 U.S.C. § 2255 challenging the validity of his conviction. This matter was referred to United States Magistrate Judge Robert W. Trumble under Local Rule of Civil Procedure 72.01. The magistrate judge issued a report recommending that this Court deny the motion as second or successive. Jones filed objections to the report and recommendation. The core issue here is whether Jones's § 2255 motion is barred as second or successive even though he filed it after being resentenced by this Court. For the following reasons, this Court adopts and affirms the report and

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

recommendation, denies the motion, overrules Jones's objections, and dismisses this civil action.

## I. Background

Jones was convicted of conspiracy to rob banks, attempted bank robbery, armed bank robbery, two counts of possession of a firearm in furtherance of a violent crime in violation of 18 U.S.C. § 924(c), and interference with commerce by threats of violence. This Court sentenced Jones to six concurrent life sentences as a three-strikes offender under 18 U.S.C. § 3559(c)(1).

Jones filed his first motion under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. Specifically, Jones argued that defense counsel: (1) ineffectively cross-examined a government witness; (2) failed to investigate Jones's alibi defense; (3) failed to call Jones's only witness; (4) failed to hire a fingerprint expert; and (5) failed to move for a mistrial after the a juror saw Jones in shackles during trial. After an evidentiary hearing, this Court denied the motion and found that Jones failed to demonstrate ineffective assistance of counsel.

In 2011, one of Jones's predicate "three strikes" convictions was vacated. He filed a second § 2255 motion seeking resentencing under 18 U.S.C. § 3559(c)(7), which requires a court to resentence a three-strikes offender when one of his predicate offenses is overturned. This Court mistakenly denied that motion as successive. Jones then filed a third § 2255 motion seeking

resentencing under § 3559(c)(7). This Court granted the motion and resentenced Jones to 535 months imprisonment and five years of supervised release.

Jones then filed this fourth motion to vacate under § 2255. He alleges three grounds for vacating his conviction and sentence: (1) ineffective assistance of counsel; (2) that his sentence violates his Sixth Amendment rights under <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), because he was convicted of a second violation of § 924(c) without being specifically charged with a "second" violation and without a jury finding a "second" violation; and (3) that his due process rights were violated because the jury instructions were incorrect. Jones argues that his motion is not second or successive because, under <u>Magwood v. Patterson</u>, 561 U.S. 320 (2010), his resentencing constitutes a new judgment intervening between his prior § 2255 motions and this motion. Jones also argues that his petition is not successive because <u>Rosemond v. United States</u>, 134 S. Ct. 1240 (2014), created a new rule that invalidates his § 924(c) convictions.

Magistrate Judge Trumble recommended denying the motion as second or successive. After the deadline for objecting to the report and recommendation ran, this Court entered a memorandum opinion adopting and affirming the report and recommendation. Jones then filed a motion for reconsideration, arguing that he never received a copy of the report and recommendation and, thus,

3

could not object before the deadline. This Court vacated its memorandum opinion and permitted Jones to file objections. Jones has now filed his objections to the report and recommendation.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u> as to those findings to which objections were made. As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In his objections, Jones argues that his § 2255 motion is not second or successive under <u>Magwood</u> and that § 2255's gatekeeping requirements are satisfied. He also argues that the magistrate judge erred in not allowing Jones to amend his motion to include references to <u>Rosemond</u> or <u>Alleyne</u>, and in recommending that his motion be denied with prejudice rather than without prejudice. Along with his objections, Jones also requests that this Court grant a certificate of appealability if his motion is denied. Further, Jones filed a motion requesting that this Court appoint counsel for him.

A.   Whether Jones's Motion is Second or Successive

Generally, a § 2255 motion is second or successive if the petitioner has already filed such a motion and it was dismissed on the merits.  Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002).  A petitioner cannot file a second or successive § 2255 motion unless it is first certified by a panel of the appropriate court of appeals and contains either:

> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Jones does not dispute that he previously filed a § 2255 motion attacking the validity of his conviction or that he failed to seek certification from the United States Court of Appeals for the Fourth Circuit to file this motion.  However, Jones argues that, under Magwood v. Patterson, 561 U.S. 320 (2010), his motion is not second or successive because his resentencing constitutes a new judgment intervening between his first motion and this motion.  Thus, the issue is whether this Court's resentencing of Jones constituted a new, intervening judgment.  This is an issue of first impression in the Fourth Circuit.

1. <u>Whether Resentencing Constitutes a New, Intervening Judgment as to Collateral Attacks on a Conviction</u>

In <u>Magwood</u>, the petitioner filed his second motion under 28 U.S.C. § 2254 challenging the validity of his sentence imposed by a state court at resentencing. The Supreme Court held that "where . . . there is a new judgment intervening between two habeas petitions, an application challenging the resulting new judgment is not second or successive at all." <u>Id.</u> at 341-42 (citation omitted) (internal quotation marks omitted). The Court concluded that the petitioner's new sentence after resentencing constituted a new judgment, and therefore was not second or successive. <u>Id.</u> at 323-24. However, the Court also noted that the petitioner was challenging only the validity of his new sentence and not the validity of his underlying conviction, and therefore the Court did not consider whether a second motion challenging the underlying conviction would be barred. <u>Id.</u> at 342.[2] Circuit courts have held that <u>Magwood</u> applies in the context of § 2255 motion as well. <u>Insignares v. Sec'y, Fla. Dep't of Corrections</u>, 755 F.3d 1273, 1281 (11th Cir. 2014); <u>Suggs v. United States</u>, 705 F.3d 279, 282-86 (7th Cir. 2013); <u>United States v. McGaughy</u>, 670 F.3d 1149, 1159 n.7

---

[2]The Court did note, without comment, in a footnote that several Courts of Appeals had held that a successive motion challenging the underlying conviction after resentencing were barred as successive. <u>Id.</u> at 342 n.16 (citing <u>Lang v. United States</u>, 474 F.3d 348, 351 (6th Cir. 2007); <u>Walker v. Roth</u>, 133 F.3d 454, 455 (7th Cir. 1997); <u>Esposito v. United States</u>, 135 F.3d 111, 113-14 (2d Cir. 1997)).

(10th Cir. 2012); In re Lampton, 667 F.3d 585, 587-90 (5th Cir. 2012); Johnson v. United States, 623 F.3d 41, 45-46 (2d Cir. 2010).

However, circuit courts are split on whether resentencing constitutes an intervening new judgment when the petitioner collaterally attacks his underlying conviction. The Seventh Circuit relied on its pre-Magwood precedent to hold that a second § 2255 motion, filed after resentencing, that challenges the validity of the underlying conviction is a second or successive motion. Suggs, 705 F.3d at 284. The Second, Fifth, Ninth, and Eleventh Circuits have held that such a motion is not second or successive because it challenges a new, intervening judgment. Insignares, 755 F.3d at 1281; In re Lampton, 667 F.3d at 589-90 (concluding that a § 2255 motion is not second or successive if the intervening amendment to the judgment of conviction results in a new, different sentence); Wentzell v. Neven, 674 F.3d 1124, 1127 (9th Cir. 2012); Johnson, 623 F.3d at 46. Those circuits reason that a judgment of conviction and the sentence imposed are not severable because "there is only one judgment, and it is comprised of both the sentence and the conviction." Insignares, 755 F.3d at 1281.

The Fourth Circuit has yet to weigh in on this issue. However, the court's pre-Magwood decision in In re Taylor, 171 F.3d 185 (4th Cir. 1999), indicates that a second § 2255 motion filed after resentencing that attacks the underlying conviction is second

7

or successive. In Taylor, the court held that a second § 2255 motion filed after resentencing was not second or successive "because [the petitioner] expressly [sought] to raise only those issues that originated at the time of his resentencing after his first § 2255 petition." Id. at 187-88. Thus, Fourth Circuit precedent indicates that a second in time § 2255 motion is second or successive if it attacks the underlying conviction on grounds that were available when the first § 2255 motion was filed, and this Court is bound by that precedent until the Fourth Circuit holds otherwise.

Further, 18 U.S.C. § 3582 draws a distinction between the finality of a judgment of conviction and of a sentence. It provides that "[n]otwithstanding the fact that a sentence to imprisonment can subsequently be . . . modified . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b) (emphasis added). Thus, the modification of a sentence does not affect the finality of a judgment of conviction. This makes sense because the validity of a conviction is not dependant upon the validity of the sentence imposed.

However, Jones argues that this Court should follow the Second, Fifth, Ninth, and Eleventh Circuits. He notes that in Cummings v. United States, 7:13CV278, 2014 WL 7336866 (E.D.N.C. Dec. 22, 2014), the United States District Court for the Eastern

District of North Carolina followed the Eleventh Circuit and concluded that the petitioner's § 2255 motion attacking her conviction was not second or successive because it was filed after she was resentenced. Id. at *1-2. However, for the reasons stated above, this Court respectfully disagrees with the Cummings court and concludes that the Seventh Circuit is correct.

2. Jones's Motion is Barred as Second or Successive

This Court modified Jones's sentence under 18 U.S.C. § 3559(c)(7), which requires a court to resentence a defendant that was sentenced as a three-strikes offender if one of his predicate offenses is overturned. Jones's resentencing was not connected to his underlying conviction. Therefore, Jones's judgment of conviction still constitutes a final judgment for the purposes of his § 2255 motion collaterally attacking that conviction. 18 U.S.C. § 3582(b).

Jones failed to seek certification from the Fourth Circuit to file this second or successive § 2255 motion. Moreover, he fails to meet § 2255(h)'s gatekeeping requirements because his motion does not assert any newly discovered evidence or a new rule of constitutional law. While he does assert that his convictions under 18 U.S.C. § 924(c) are invalid under the Supreme Court's decision in Rosemond v. United States, 134 S. Ct. 1240 (2014), that decision was one of statutory interpretation and not one of constitutional law. See id. at 1245 (interpreting 18 U.S.C. § 2 as

9

applied to § 924(c)). Similarly, Jones's reliance on <u>Alleyne</u> is misplaced, as <u>Alleyne</u> does not apply retroactively. <u>See</u> <u>In re Mazzio</u>, 756 F.3d 487 (6th Cir. 2014); <u>Simpson v. United States</u>, 721 F.3d 875, 876 (7th Cir. 2013). Therefore, this Court lacks jurisdiction to consider Jones's motion. Accordingly, Jones's objections regarding amendments to his motion and regarding dismissal with or without prejudice are overruled.

B. <u>Motion for Appointed Counsel</u>

Unlike a criminal proceeding in which this Court must appoint counsel to represent an indigent defendant, this Court has discretion to appoint counsel in a civil action, including motions under § 2255. <u>See</u> 28 U.S.C. § 1915(e)(1). A court should appoint counsel to represent an indigent party only if that party has showed a particular need or exceptional circumstance. <u>Cook v. Bounds</u>, 518 F.2d 779, 780 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984). Here, Jones has not shown any exceptional circumstance or reason for why he cannot proceed without counsel. Further, Jones has already filed his objections to the magistrate judge's report and recommendation. Thus, his motion for appointed counsel (ECF No. 20/335) is DENIED.

C.   <u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This memorandum opinion and order is a final order adverse to the applicant in a case in which 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is appropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that Jones has made a "substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003). Because the circuit courts are split on the application of <u>Magwood</u> to § 2255 motions like Jones's, this Court concludes that reasonable jurists would find this Court's dispositive procedural ruling to be debatable. Accordingly, Jones is GRANTED a certificate of appealability by this district court.

IV. <u>Conclusion</u>

For the reasons set forth above, this Court lacks jurisdiction to consider Jones's second or successive § 2255 motion. Therefore, the magistrate judge's report and recommendation (ECF Nos. 9/323) is AFFIRMED AND ADOPTED. Accordingly, Jones's motion (ECF Nos. 1/308, 315, 318, 320) is DENIED, his objections (ECF Nos. 18/333, 19/334) are OVERRULED, and his motion for appointed counsel (ECF No. 20/335) is DENIED.

It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein. Under Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 28, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
