IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KOFIE AKIEM JONES,

       Petitioner,

v.                                 Civil Action No. 1:13CV267
                                  (Criminal Action No. 1:03CR47-01)
UNITED STATES OF AMERICA,               (STAMP)

       Respondent.

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S MOTION FOR
COLLATERAL RELIEF PURSUANT TO RULE 59(e)**

I. Procedural History

The petitioner, Kofie Akiem Jones ("Jones"), filed a pro se[1] motion under 28 U.S.C. § 2255 challenging the validity of his conviction. This matter was referred to United States Magistrate Judge Robert W. Trumble under Local Rule of Civil Procedure 72.01. The magistrate judge issued a report recommending that this Court deny the motion as second or successive. Jones filed objections to the report and recommendation. The core issue was whether Jones's § 2255 motion is barred as second or successive, as he filed it after being resentenced by this Court. This Court found that his motion was second or successive, and this Court adopted and affirmed the report and recommendation, overruled Jones's objections, denied his motion, and dismissed this civil action.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Jones then filed a notice of appeal, and his appeal has been docketed with the United States Court of Appeals for the Fourth Circuit. Jones then filed a "Motion for Collateral Relief" under Federal Rule Civil Procedure 59(e)." In response, the government argues that this Court does not have jurisdiction to consider Jones's Rule 59(e) motion because of the pending appeal.

## II. Discussion

### A. Jurisdiction

Generally, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). However, when a litigant files a motion under Rule 59 after a notice of appeal has been filed, the district court retains jurisdiction over the motion, and the notice of appeal is nullified. Id. at 60-61; Fed. R. App. P. 5(a)(4).

Jones filed a timely notice of appeal, and an appeal of the judgment in this civil action was docketed with the Fourth Circuit. Jones then filed a timely motion under Rule 59(e). Accordingly, this Court retains jurisdiction over this civil action to decide Jones's Rule 59(e) motion, and the notice of appeal is null.

### B. Rule 59(e) Motion

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment under

2

Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use this motion to ask the court to "rethink what the court ha[s] already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

This Court previously found that Jones's § 2255 motion was second or successive despite the fact that this Court resentenced him between when he filed his first § 2255 motion and this § 2255 motion. Accordingly, this Court did not reach the merits of Jones's § 2255 motion. In his Rule 59(e) motion, Jones argues that this Court committed clear error in denying his § 2255 motion as second or successive and in not granting his motion on the merits. Thus, Jones's motion essentially asks this Court to "rethink what

3

[it] . . . ha[s] already thought through -- rightly or wrongly," and his motion must be denied. Above the Belt, 99 F.R.D. at 101.

### III. Conclusion

For the foregoing reasons, Jones's motion for collateral relief pursuant to Rule 59(e) (ECF No. 29/343) is DENIED. Further, as discussed above, Jones's notice of appeal is null. If Jones wishes to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file another notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:   July 26, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE