**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**KOFIE AKIEM JONES**,

      **Petitioner,**

**v.**
                                          **Civil Action No. 1:16cv100**
                                          **Criminal Action No. 1:03cr47-1**
                                          **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**REPORT AND RECOMMENDATION**

## I.  Introduction

On April 29, 2016, *pro se* Petitioner Kofie Akiem Jones' ("Jones") filed a motion for authorization to file a successive habeas application pursuant to 28 U.S.C. § 2244 in the Fourth Circuit Court of Appeals, contending that a new rule of constitutional law announced in Johnson v. United States[1] had been held retroactively applicable to cases on collateral review.  See In re Kofie Jones, Case No. 16-495 (4th Cir. 2016). On May 26, 2016, Jones' motion was granted. (4th Cir. ECF No. 7-1)(16-495).

Accordingly, on May 26, 2016, Jones filed his fifth Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 350. On June 7, 2016, Jones refiled his motion on a form approved for the Fourth Circuit Court of Appeals. ECF No. 355. Counsel was appointed for Petitioner on June 13, 2016. ECF No. 359. Pursuant to a Notice of Deficient Pleading, Jones filed his fifth § 2255 motion on a Court-approved form with an attached memorandum in support on June 16, 2016.  ECF No. 360.  In that motion, *inter alia*, Petitioner requested that these proceedings be held in abeyance. ECF No. 360-1 at 2.

---

[1] Johnson v. United States, 135 S.Ct. 2551 (2015).

On July 13, 2016, the Respondent was ordered to answer, and did so on July 25, 2016. ECF Nos. 374, 376. On August 1, 2016, Petitioner filed a *pro se* Motion for Status Update/Second Request to Hold Proceeding in Abeyance for Requisite Time, attaching a copy of a July 13, 2016 letter from appointed counsel advising that counsel was "obligated to notify the Court [that] there is no firm legal basis to support your claim. As such, no supplemental filings will be made by this office." ECF No. 380, 380-1. The Clerk of Court sent a copy of the docket to Petitioner in care of the warden.  ECF No. 381. On November 16, 2016, Petitioner filed another status update request. ECF No. 393.  The Clerk sent Petitioner another copy of the docket in care of the warden.  ECF No. 394. On March 14, 2017, Petitioner filed a Consolidated Motion for Status Update/Motion of Notice of Change of Address/Motion to Preserve the Rights for Equitable Tolling. ECF No. 396. On June 25, 2018, Petitioner filed a request for status update; the same day, the Clerk sent another copy of the docket sheet to Petitioner in care of the warden. ECF Nos. 443, 444.  Petitioner filed another Notice of Change of Address, styled as Motion for Status Updates and Change of Address, on November 26, 2018; the Clerk sent Petitioner another copy of the docket sheet in care of the warden.  ECF Nos. 445, 446. On February 7, 2019, Petitioner filed a Motion for Status Update/Motion to Amend/Supplement in Support of § 2255 Motion. ECF No. 451. On March 1, 2019, Petitioner filed a Motion to Amend and Supplement in Accordance with Fed.R.Civ.P. 15(c)(1)(B) and Fed.R.Civ.P. 15(d). ECF No. 452. Respondent filed a response to Petitioner's motion to amend and supplement on March 25, 2019. ECF No. 454.

## II. Facts & Procedural History

### A. Petitioner's Conviction, Sentence, and Appeal

On July 18, 2003, Petitioner and three co-defendants, all from the Washington D.C. area, traveled to Morgantown, West Virginia with the intent to rob a bank.  Petitioner was familiar with

the area, having previously lived and worked there. The following day, Petitioner drove them to a Morgantown Kroger store  with a Bruceton bank branch inside the premises, intending to commit a robbery of that bank; Petitioner remained in the car while his co-defendants went inside. Upon discovering that that bank branch was closed, they left and went to a nearby Giant Eagle supermarket that also housed a bank branch within its premises.  Again, Petitioner remained in the car.

Two co-defendants went inside; one stood guard at the door. The two who went inside proceeded to the bank branch and attempted to gain access to the locked teller area. One of them, wearing a black neoprene mask, and armed with a handgun provided by Petitioner, struck a bank employee over the head with the gun, and ordered the other employees to open the door to the teller area. When they complied, the other co-defendant went inside and forced the tellers to hand over the money while the first held the gun to the head of the employee he had previously struck. The co-conspirators obtained approximately $3,247.00 from the bank, which included five $10 "bait bills." Immediately after robbing the bank inside the Giant Eagle, the two went out to the customer service area of the Giant Eagle; *en route* there, the co-defendant with the gun brandished it and waved it at a store customer. They obtained approximately $3,156.00 from the customer service area. While they were inside, the co-defendant at the door assisted them by positioning himself at the entrance and forcibly preventing employees and customers from leaving the premises during the robberies. All four defendants then fled the scene in the car owned and driven by Petitioner and were apprehended a short time later. The money, including the "bait bills," the neoprene mask, and the handgun were recovered from the getaway vehicle. See Government's Version of the Offense, Revised PreSentence Investigation Report ("Revised PSR"), ECF No. 292 at 7 – 9.

3

On September 4, 2003, Petitioner and three co-defendants were charged in a criminal indictment in the Northern District of West Virginia. On January 28, 2004, after a three-day jury trial, Petitioner was found guilty of all six counts of the indictment. Specifically, Petitioner was found guilty of Count One: conspiracy to rob banks and interfere with commerce by threats and violence, in violation of 18 U.S.C. § 371; Count Two: attempted bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (2) and  Pinkerton v. United States, 328 U.S. 640 (1946); Count Three: armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and (2) and Pinkerton v. United States, 328 U.S. 640 (1946); Count Four: possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 and Pinkerton v. United States, 328 U.S. 640 (1946); Count Five: interference with commerce by threats and violence, in violation of 18 U.S.C. §§ 1951 and 2 (Hobbs Act robbery) and Pinkerton v. United States, 328 U.S. 640 (1946); and Count Six: possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (C)(i) and 2 and Pinkerton v. United States, 328 U.S. 640 (1946).

Because Petitioner was a three-strike offender under 18 U.S.C. § 3559(c)(1)(F),[2] he was sentenced to six concurrent mandatory life sentences followed by six concurrent five-year terms of supervised release.[3] See United States v. Jones, 319 F. Supp. 2d 703 (N.D. W. Va. 2004) [hereinafter Jones I]. The United States Court of Appeals for the Fourth Circuit affirmed this Court's judgment and sentence on appeal. See United States v. Jones, 122 F. App'x 27 (4th Cir. 2005) [hereinafter Jones II].

---

[2] The federal three strikes provision of 18 U.S.C. 3559(c) calls for a mandatory term of life imprisonment for defendants convicted of a serious violent felony who have two or more federal or state serious violent felony convictions, or one or more of such felony conviction plus one or more federal or state serious drug conviction.

[3] Jones' two prior qualifying offenses were a second-degree assault conviction on December 6, 2001 and a robbery conviction on April 3, 2006, both in Prince George's County, Maryland. See Sentencing Mem., ECF No. 138.

B. **Petitioner's First § 2255 Motion**

Having exhausted his rights on appeal, Petitioner filed his first motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence on February 6, 2006, arguing that he received ineffective assistance of counsel. See *generally* Motion Pursuant to 28 U.S.C. § 2255 to Vacate Conviction & Sentence, ECF No. 186.[4] Magistrate Judge John S. Kaull held an evidentiary hearing and issued a Report and Recommendation ("R&R") recommending that Petitioner's § 2255 motion be denied and the case dismissed with prejudice. See R&R, ECF No. 224. After reviewing Petitioner's objections, the District Court affirmed and adopted the Magistrate Judge's R&R and denied Petitioner's motion and dismissed the case with prejudice. Jones v. United States, No. 1:03cr47-01, 2008 WL 4643909 (N.D. W.Va. Oct. 20, 2008) [hereinafter Jones III]. The Fourth Circuit denied Petitioner's motion for a certificate of appealability and dismissed his appeal. United States v. Jones, 337 F. App'x 297 (4th Cir. 2009) [hereinafter Jones IV].

C. **Petitioner's Second, Third, and Fourth § 2255 Motions**

On April 26, 2011, Petitioner filed his second motion under § 2255 to vacate, set aside, or correct sentence, arguing that resentencing was necessary because one of his prior convictions used to enhance his sentence (one of the "three strikes") had since been vacated. See *generally* Motion to Vacate under 28 U.S.C. 2255, ECF No. 247. On April 28, 2011, the magistrate judge entered an R&R, incorrectly recommending that Petitioner's motion be denied based on the mistaken conclusion that it was "second or successive" because Petitioner had not obtained the requisite approval from the Fourth Circuit Court of Appeals before filing it.[5] See Jones v. United

---

[4] All citations to ECF numbers in this R&R refer to Criminal Action No.1:03cr47-1.

[5] After the R&R had already been entered, later that day, without having been ordered to answer, the Government filed a response, averring that "it appears the defendant may be entitled to the relief he seeks[;]" joining in Petitioner's request for appointed counsel; and seeking additional time to obtain documentation from the Maryland state public defender to verify Petitioner's claims. ECF No. 252 at 1.

<u>States</u>, No. 1:03cr47–1, 2011 WL 2357867 (N.D. W.Va. Apr. 28, 2011) [hereinafter <u>Jones V</u>]. On June 10, 2011, the Court affirmed and adopted the magistrate's R&R in its entirety and dismissed Petitioner's § 2255 motion. <u>See</u> <u>Jones v. United States</u>, No. 1:03cr47–01, 2011 WL 2413576 (N.D. W.Va. June 10, 2011) [hereinafter <u>Jones VI</u>].

On March 8, 2012, Petitioner filed a third motion under § 2255, reiterating the same claim made in his 2011 habeas petition. <u>See</u> *generally* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 265. On June 1, 2012, Magistrate Judge John S. Kaull issued a R&R recommending that Petitioner's third § 2255 motion be granted and the matter be scheduled for resentencing. <u>Jones v. United States</u>, No. 1:03cr47, 2012 WL 2393738 (N.D. W. Va. June 1, 2012) [hereinafter <u>Jones VII</u>]. On June 25, 2012, the District Court affirmed and adopted the Magistrate Judge's R&R, granted Petitioner's third § 2255 motion, and scheduled the matter for resentencing. <u>Jones v. United States</u>, No. 1:03cr47, 2012 WL 2396362 (N.D. W.Va. June 25, 2012) [hereinafter <u>Jones VIII</u>]. On September 17, 2012, Petitioner was resentenced to a total term of 535 months imprisonment[6] and 5 years of supervised release, which was upheld on appeal. <u>See</u> <u>United States v. Jones</u>, 517 F. App'x 143 (4th Cir. 2013) [hereinafter <u>Jones IX</u>].

After Petitioner was resentenced, on December 23, 2013, he filed his fourth motion under § 2255 to vacate, set aside, or correct sentence. <u>See</u> ECF No. 308. Although Petitioner's fourth motion presented three claims for relief, the primary issue was whether Petitioner's fourth § 2255 was "second or successive" under <u>Magwood v. Patterson</u>, 561 U.S. 320 (2010), which was then an issue of first impression in the Fourth Circuit. On October 27, 2015, Magistrate Judge Robert

---

[6] Petitioner received 60 months on Count One; 151 months on Counts Two, Three, and Five, to run concurrent with each other and with Count One; 84 months on Count Four, to run consecutive to the sentences on Counts One, Two, Three, and Five; and 300 months on Count Six, to run consecutive to Count Four. <u>See</u> ECF No. 294 at 47. Petitioner is 44 years old and his expected date of release is September 16, 2042. <u>See</u> the Bureau of Prison's ("BOP") inmate locator, FEDERAL BUREAU OF PRISONS, FIND AN INMATE, *available at*: https://www.bop.gov/inmateloc/ (last visited June 28, 2019).

W. Trumble issued a R&R recommending that the motion be denied as second or successive. <u>Jones v. United States</u>, No. 1:03CR47–1, 2015 WL 12642209 (N.D. W.Va. Oct. 27, 2015) [hereinafter <u>Jones X</u>]. After vacating its initial memorandum opinion to allow Petitioner the opportunity to object to the R&R, <u>Jones v. United States</u>, No. 1:03cr47, 2016 WL 755643 (N.D. W.Va. Feb. 25, 2016) [hereinafter <u>Jones XI</u>], the District Court issued a second memorandum opinion, again affirming and adopting the R&R and granting Petitioner's motion for a certificate of appealability, among other things, <u>Jones v. United States</u>, No. 1:03cr47-01, 2016 WL 1183137 (N.D. W.Va. Mar. 28, 2016) [hereinafter <u>Jones XII</u>]. In its memorandum opinion affirming and adopting the R&R, the District Court concluded that because Petitioner's resentencing was not connected to his underlying conviction, his "judgment of conviction still constitute[d] a final judgment for purposes of his § 2255 motion collaterally attacking that conviction." <u>Id.</u> at 3.

Petitioner filed a Notice of Appeal on April 15, 2016. On appeal, the Fourth Circuit vacated the District Court's orders and remanded the case for further proceedings in light of its recent decision in <u>In re Gray</u>, 850 F.3d 139 (4th Cir. 2017). <u>United States v. Jones</u>, 681 F. App'x 294 (4th Cir. 2017) [hereinafter <u>Jones XIII</u>]. There, the Fourth Circuit "joined the chorus of [its] sister circuits in finding that when a habeas petition is the first to challenge a new judgment, it is not second or successive . . . regardless of whether it challenges the sentence or the underlying conviction." <u>Id.</u> at 294.

On remand from the Fourth Circuit, the District Court recommitted Petitioner's fourth motion under § 2255 to Magistrate Judge Trumble for further proceedings. <u>See</u> Order Recommitting Matter to Magistrate Judge. ECF No. 401. Jones' fourth § 2255 motion claimed that he was entitled to relief on three grounds: (1) he received ineffective assistance of counsel; (2) his Sixth Amendment rights were violated at sentencing under <u>Alleyne v. United States</u>, 570 U.S. 99

(2013), because he was convicted of a second violation of § 924(c) without being specifically charged with a "second" violation and without a jury finding a "second" violation; and (3) his due process rights were violated because the jury instructions were incorrect. See generally ECF No. 308. On April 6, 2018, Magistrate Judge Trumble entered a R&R, recommending that Petitioner's claims were procedurally defaulted or without merit.  See ECF No. 437. [hereinafter Jones XIV]. Petitioner filed objections. ECF No. 441. On April 1, 2019, the District Court directed the Government to file a response to Petitioner's objections.  ECF No. 455. On April 10, 2019, the Government filed a response. ECF No. 457.  On May 9, 2019, Jones filed a motion for leave to file a surreply. ECF No. 458. On May 23, 2019, without having been granted leave, Jones filed a surreply. ECF No. 459.  As of the date of entry of this R&R, a decision on Petitioner's fourth § 2255 motion is still pending.

**D. Petitioner's Fifth § 2255 Motion**

**The Motion**

In his instant motion, filed with a 2-page memorandum in support,[7] Petitioner raises seven grounds for relief, arguing that his Fifth Amendment due process rights were violated:

1) by the unconstitutionally vague langue of 18 U.S.C. § 371 in Count One (conspiracy to rob banks and interfere with commerce by threats and violence), which has since been abrogated by Johnson v. United States,[8] ("Johnson"). ECF No. 360 at 5.

2) His due process rights were violated when he was charged (in Count Two) with attempted bank robbery because the language in the charge has since been abrogated by the Johnson decision [id. at 6];

3) when he was charged (in Count Three) with armed bank robbery, 18 U.S.C. § 2113, because the language in the charge has since been abrogated by the Johnson decision [id. at 8];

---

[7] Petitioner's memorandum merely recited some of the procedural history of his instant § 2255, including the Fourth Circuit's granting him authorization to file it; his intention to preserve his Johnson claim; a request to hold the case in abeyance until he obtained counsel; and an expressed intent to file further briefing on the issues at a later date.  See ECF No. 360-1.

[8] Johnson v. United States, 135 S.Ct. 2551 (2015).

4) when he was charged in Count Four with possession of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924 (c), because the language in the charge has since been abrogated by the <u>Johnson</u> decision [<u>id.</u> at 10];

5) when he was charged (in Count Five) with Hobbs Act robbery in violation of 18 U.S.C. § 1951, because the language in the charge has since been abrogated by the <u>Johnson</u> decision [<u>id.</u> at 11];

6) when he was charged in Count Six with possessing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c), because the language in the charge has since been abrogated by the <u>Johnson</u> decision [<u>id.</u>]; and

7) by the jury charge/instruction, which reflected the crime of violence language in 924(c), since abrogated by the <u>Johnson</u> decision. <u>Id.</u>

As relief, Petitioner requests that his judgment of conviction be vacated and his sentence reduced to time served. <u>Id.</u> at 14. Further, he requests that counsel be appointed and that the instant proceedings be held in abeyance, because he is in the process of attempting to obtain private counsel and has also moved for court-appointed counsel; and he needs additional time to brief the issues. ECF No. 360-1 at 2.

**The Government's Answer[9]**

**(Ground One)** Respondent's answer does not specifically address Petitioner's claim regarding unconstitutionally vague language in 18 U.S.C. § 371 (conspiracy to commit armed bank robberies and conspiracy to commit armed robbery) having been abrogated by the <u>Johnson</u>

---

[9] As noted *supra*, Petitioner's fifth § 2255 motion was filed on May 26, 2016 [ECF No. 350] but it was not on a court-approved form. On June 3, 2016, the Clerk of Court sent a Notice of Deficient Pleading with a copy of a court-approved form for Jones to refile his claims. ECF No. 354. Inexplicably, when Jones refiled his claims on June 7, 2016, it was not on the form petition provided with the deficiency notice, but on a form petition approved for the Fourth Circuit. ECF No. 355. Jones finally filed his § 2255 motion on the correct form on June 16, 2016. ECF No. 360.

    The second iteration of Jones' claims, filed on the Fourth Circuit form, raises the same claims as the final, court-approved form version, except that all of his Grounds One - Seven claims are raised together, as one Ground One claim. <u>See</u> ECF No. 355 at 4. The Government apparently mistakenly overlooked the third iteration of Petitioner's § 2255 motion, and responded to the second version, because its Answer addresses all of Jones' claims together as "Ground One," instead of setting them out separately as Grounds One through Seven. <u>See</u> ECF No. 376 at 1 – 3. For clarity's sake, the Government's answer is reorganized here to comport with the claims Petitioner raised as Grounds One through Seven in the third/final version of his § 2255 motion.

decision, other than to argue that all of Petitioner's <u>Johnson</u> claims are procedurally barred, because they were not raised in either appeal of his two sentencings. ECF No. 376 at 7.

**(Ground Two)** Respondent's answer does not specifically address Petitioner's claim regarding unconstitutionally vague language in 18 U.S.C. §§ 2113(a) and 2 (attempted bank robbery) having been abrogated by the <u>Johnson</u> decision, other than to argue that all of Petitioner's <u>Johnson</u> claims are procedurally barred, because Petitioner failed to raise them in either appeal of his two sentencings. <u>Id.</u>

**(Ground Three)** Respondent's answer does not specifically address Petitioner's claim that unconstitutionally vague language in 18 U.S.C. §§ 2113(a) and (d) and 2 (armed bank robbery) was abrogated by the <u>Johnson</u> decision. Nonetheless, Respondent contends that the Fourth Circuit Court of Appeals has already decided that armed robbery is categorically a "crime of violence for a § 924(c) conviction and thus, Petitioner's challenge to the use of his Count Three armed bank robbery conviction as a predicate for his § 924(c) conviction in Count Four should be denied because Petitioner was not sentenced under the Armed Career Criminal Act ("ACCA") residual clause, the residual clause of the Career Offender guideline 4B1.1 and 4B1.2, or the residual clause of 18 U.S.C. § 924(e)(1)(B)(ii), deemed void for vagueness by <u>Johnson</u>. <u>Id.</u> at 3 - 5. Finally, Petitioner has procedurally defaulted this claim by failing to raise it in either appeal of his sentence. <u>Id.</u> at 7.

**(Ground Four)** Respondent contends that pursuant to 18 USC § 924(c)(1)(A)(ii), Petitioner's Count Four conviction required that the firearm be "used" or "carried" in furtherance of a "crime of violence." <u>Id.</u> at 5. Petitioner's Count Three conviction for armed bank robbery served as the "crime of violence" for purposes of Petitioner's § 924(c) conviction in Count Four. <u>Id.</u> at 4. Because the gun was brandished, and a co-conspirator hit a teller over the head with it,

Petitioner received a 7-year sentence consecutive to Count Three, pursuant to USC § 924(c)(1)(A)(ii). Id. Despite Petitioner's contention to the contrary, Petitioner was not sentenced under the § 924(c) residual clause, but rather, under the "force clause" found in 18 U.S.C. § 924(c)(3)(A), which defines a crime of violence to also include an offense that "has as an element the use, or threatened use of physical force against the person or property of another . . ." Id. at 4 – 5. This claim has no merit, because the Fourth Circuit has ruled that Johnson is inapplicable to the force clause of the armed bank robbery statute and that armed bank robbery is a crime of violence under the § 924(c)(3) force clause. Further, Petitioner is procedurally barred from raising it here, because he did not raise it in either appeal of his two sentencings. Id. at 5.

(Ground Five) Respondent does not specifically address Petitioner's claim that the Johnson decision abrogated the unconstitutionally vague language under which Petitioner was convicted in Count Five of Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2. However, Respondent notes that Petitioner's co-conspirator used a handgun to rob the Giant Eagle supermarket on his way out the door after robbing the bank inside the store, committing a second robbery that was also a "crime of violence," and served as a predicate crime sufficient to support Petitioner's conviction on Count Six, possession of a firearm in furtherance of a crime of violence, earning him a sentence of 25 years consecutive to Count Five, as required by 18 U.S.C. §924(c)(1)(C)(i).

(Ground Six) Respondent argues that despite Petitioner's contention to the contrary, the Johnson decision did not abrogate the language in the statutes in his Count Six § 924(c) conviction, because Petitioner was not sentenced in Count Six under the ACCA residual clause abrogated by Johnson; the residual clause of the Career Offender guideline 4B1.1 and 4B1.2; or the residual clause of 18 U.S.C. § 924(e)(1)(B)(ii), deemed void for vagueness by Johnson. Id. at 5 – 6. Every

circuit that has ever decided the issue has held that Hobbs Act robbery is categorically a "crime of violence" for a § 924(c) conviction; thus, Petitioner's challenge to the use of his Count Five Hobbs Act robbery conviction as a predicate for his § 924(c) conviction should also be denied. Id. at 3 – 4.  Finally, Respondent contends that Petitioner has procedurally defaulted this claim as well, by failing to raise it in either appeal of his sentence.  Id. at 4.

 **(Ground Seven)** Respondent's answer makes no specific mention of Petitioner's Ground Seven jury instruction claim, other than to argue that all of Petitioner's Johnson claims are procedurally barred, because they were not raised in either appeal of his two sentencings. Id.

 Accordingly, Respondent contends that Jones' fifth motion to vacate should be dismissed, because Johnson did not invalidate the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(A), as Jones contends, but rather, a different definition within the Armed Career Criminal Statute, the "residual clause." Id. at 8. Respondent notes that pending before the Supreme Court is Beckles v. United States, __ S.Ct. __, 2016 WL 1029080 (June 27, 2016), to decide, *inter alia*, whether Johnson applies to the Career Offender guideline.[10] Nonetheless, Respondent contends that there is no need to wait for Beckles to be decided, because Petitioner was not sentenced as a Career Offender under the residual clause; he was properly convicted under the "force clauses" of Counts Four and Six. Id.

**Petitioner's Motion for Status Update/Second Request to Hold Proceeding in Abeyance for Requisite Time**

 On August 1, 2016, Petitioner acknowledges that his request for appointed counsel was granted, but avers that that that counsel has advised him that his claims had no merit, thus, he

---

[10] Ultimately, on March 6, 2017, the Supreme Court decided Beckles, holding that § 4B1.2(a)(2)'s residual clause was not unconstitutional, because the Sentencing Guidelines "are not amendable to a vagueness challenge." Beckles v. United States, 580 U.S. ___, 137 S. Ct. 886, 894 (2017). (Thomas, J.).

requests that new counsel be appointed. ECF No. 380 at 2 – 3. He again requests that the proceedings be held in abeyance, "until the confusion existing between . . . [him] and appointed counsel is resolved or additional counsel" is appointed. Id. at 4. In support thereof, he attaches a copy of a July 13, 2016 letter from Brian Kornbrath of the Federal Public Defenders' office, advising him that "we were obligated to notify the Court there is no firm legal basis to support your claim.  As such, no supplemental filings will be made by this office." ECF No. 380-1 at 1.

### Petitioner's Consolidated Motion for Status Update/Motion of Notice of Change of Address/Motion to Preserve the Rights for Equitable Tolling

On March 14, 2017, Petitioner, "acting as a *pro se* litigant," averred that "on or about December 15th, 2016 . . . [he] wrote this . . . court asking for . . . [his] case to be held in abeyance under the conditions of ineffective assistance of counsel by Brian Kornbrath."[11] ECF No. 396 at 2. He further averred that he "also provided exhibits and a detailed outline of the ineffectiveness of appointed counsel." Id. He states that he was transferred to another prison on or about December 19, 2016, and has not yet received personal and legal property that was confiscated on August 5, 2016. Id. Finally, he requested a status update. Id.

### Petitioner's Motion for Status Update/Motion to Amend/Supplement in Support of Habeas § 2255 Petition

On February 7, 2019, Petitioner filed this motion in both his fourth and this instant fifth § 2255 motion, seeking to "supplement/amend these case[s] into his habeas § 2255 petition," listing seven cases: United States v. Ali, 2019 U.S. App. LEXIS 4140 (4th Cir. Feb. 11, 2019); United States v. Simms, 914 F.3d 229 (4th Cir. Jan. 24, 2019);[12] Dimaya v. Lynch, 803 F3d 1110, 1120

---

[11] There is nothing on the docket filed by Petitioner in the months of December, 2016, January and/or February, 2017.

[12] On January 24, 2019, the Fourth Circuit Court of Appeals, sitting *en banc*, held that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B), commonly referred to as the "residual clause" — was unconstitutionally vague. See United States v. Simms, 914 F.3d 229 (4th Cir. Jan. 24, 2019)(*en banc*). The Circuits were split on the issue of whether the Supreme Court's analysis of the ACCA residual clause in Johnson applied to other statutes that were materially similar to it, such as § 924(c)(3)(b). In Simms, the Fourth Circuit joined the Fifth, D.C., and Tenth Circuits

(9th Cir. 2015); <u>United States v. Strayhorn</u>, 743 F.3d 917 (4th Cir. 2014); <u>United States v. Feliciano</u>, 747 F.3d 1284 (11th Cir. 2014); <u>United States v. Lewis</u>, 802 F.3d 449 (3rd Cir. 2015); and <u>United States v. Henry</u>, 797 F.3d 371 (6th Cir. 2015). ECF No. 451 at 1 – 2.

**<u>Petitioner's Motion to Amend and Supplement in Accordance with Fed.R.Civ.P. 15(c)(1)(B) and Fed.R.Civ.P. 15(d)</u>**

Petitioner moves to amend and/or supplement his § 2255 petition in light of the Supreme Court's decision in <u>Sessions v. Dimaya</u>.[13] As reason therefor, he argues that <u>Dimaya</u> rendered the residual clause of 18 U.S.C. § 924(c) unconstitutionally vague, therefore, Hobbs Act robbery cannot support an enhancement under 18 U.S.C. § 924(c) because Hobbs Act robbery is common law robbery with an interstate element, and Hobbs Act robbery is constructed in accordance with common law, covering both the use of violent and nonviolent "force." ECF No. 452 at 1. Further, he contends that a conviction under 18 U.S.C. § 2113(a) is not a crime of violence under the proper application of the categorical approach set forth by the Supreme Court in <u>Descamps v. United States</u>,[14] where the Supreme Court found that the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague, and the two paragraphs of that subsection set forth alternative means of committing a single offense, not alternative elements or separate offenses. <u>Id.</u> Petitioner contends that § 924(c)(3)(B) is the "twin" of § 16(b), and that Hobbs Act robbery and robbery are not "crimes of violence" for purposes of 18 U.S.C. § 924(c). <u>Id.</u> at 4.

**<u>Government's Response to Petitioner's Motion to Amend and Supplement in Accordance with Fed.R.Civ.P. 15(c)(1)(B) and Fed.R.Civ.P. 15(d)</u>**

---

in concluding that it did, and that § 924(c)(3)(B) was unconstitutionally vague. Accordingly, A petition for writ of *certiorari* was granted to the Government in <u>Simms</u> on April 24, 2019, in United States Supreme Court Case No. 18-1338, raising the same question presented in <u>Davis</u>.

[13] <u>Sessions v. Dimaya</u>, 138 S.Ct. 1204 (2018).

[14] <u>Descamps v. United States</u>, 136 S.Ct. 2243 (2016).

The Government incorporates its earlier answer with its instant response to Petitioner's motion, noting that on January 24, 2019, in United States v. Simms,[15] the Fourth Circuit ruled that 18 U.S.C. § 924(c)(3)(B) was unconstitutional, but stayed the mandate, pending the Supreme Court's decision on the issue in United States v. Davis, __ S.Ct. __, 2019 WL 98544 (Jan. 4, 2019). ECF No. 453 at 2.

Further, the Government contends that because substantive Hobbs Act robbery under 18 U.S.C. § 1951(a) is a predicate offense in this petition and satisfies § 924(c)(3)(A), the outcome of these proceedings should not depend on whether the Davis Supreme Court agrees with Simms. Nevertheless, the Government agrees that the petition should be held in abeyance because (1) the Government has argued in briefing at the Supreme Court that in the alternative, a substantive Hobbs Act robbery offense may satisfy § 924(c)(3)(B) as well as § 924(c)(3)(A); (2) the Fourth Circuit was previously holding in abeyance other cases with substantive Hobbs Act robbery as a predicate for § 924(c), pending a decision in Davis; (3) proceedings in this case cannot realistically reach an end before Davis is decided; and (4) any delay in these proceedings should not prejudice Petitioner, because every court of appeals that has addressed whether substantive Hobbs Act robbery satisfies § 924(c)(3)(A) has agreed that it does, and recent Supreme Court precedent strongly reinforces those conclusions. Id. at 3.

Accordingly, although the Government avers its belief that Jones' petition could be resolved solely under § 924(c)(3)(A), in accordance with the overwhelming weight of precedent, it concedes that a short stay/abeyance will provide greater clarity to the issues. Id. at 4.

**Petitioner's Reply to the Government's Response**

---

[15] United States v. Simms, 914 F.3d 229 (4th Cir. Jan. 24, 2019)(en banc).

Petitioner contends that the Government's response is "largely unresponsive" because it fails to address 18 USC § 924(c)(3(A), the "so-called 'force clause.'" ECF No. 454 at 1 - 2. He argues that this circuit and several others have already ruled that § 924(c)(3)(B) is unconstitutionally vague, the issue presently before the Supreme Court in <u>Davis</u>. <u>Id.</u> Further, he contends that his own argument is "multilayered" because he believes the word "force" in the Hobbs Act covers both "violent" and "nonviolent" uses of force, and that the Hobbs Act was specifically written to cover any/all uses of force. <u>Id.</u> He asserts that to be consistent with the purpose of the Hobbs Act and existing Supreme Court precedent, the words "force," "violence," and "putting in fear" should be given their broadest possible meaning. <u>Id.</u> Further, relying on <u>Scheidler v. NOW</u>, 537 U.S. 393 (2003), he contends that any ambiguity in the meaning of the word "force" in the Hobbs Act should be decided in his favor. <u>Id.</u> at 2.

Despite voicing his disagreement with the Government's alleged failure to fully address all the issues, Jones also concedes that the case should be stayed until <u>Davis</u> is decided. <u>Id.</u>

### III. <u>Discussion</u>

#### A. <u>Legal Standard</u>

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court, "if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject to collateral attack.'" <u>Beyle v. United States</u>, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)). "A sentence is 'otherwise subject to collateral attack,' if a petitioner shows that the proceedings suffered from 'a fundamental defect which inherently results in a complete miscarriage of justice.'" <u>Id.</u> (<i>quoting</i> <u>United States v. Addonizio</u>, 442 U.S. 178, 185 (1979)). "A petitioner bears

the burden of proving one of those grounds by a preponderance of the evidence." Id. (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)). "If he satisfies that burden, the court may vacate, set aside, or correct the sentence." Id. (citing 28 U.S.C. § 2255(b)). "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." Id. (citing Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970)).

**B. Petitioner's Fifth § 2255 Motion**

**Grounds One, Two, Three, and Five are Without Merit**

Petitioner's Grounds One, Two, Three, and Five claims contend that the Supreme Court's decision in Johnson abrogated the unconstitutionally vague language in the statutes under which he was convicted in Counts One, Two, Three, and Five, claims that plainly do not raise a new rule of constitutional law under Johnson. In Johnson, the Supreme Court considered whether the ACCA's "residual clause," (the latter half of 18 U.S.C. § 924(e)(2)(B)(ii)), was unconstitutionally vague, in violation of the Due Process Clause of the Fifth Amendment, and concluded that it did. Johnson, 135 S. Ct. at 2554. The now-invalidated ACCA residual clause made any crime punishable by more than one year in prison and that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another" a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii).

However, as noted by the Government, the sentence Petitioner received at resentencing was not based on the application of the ACCA's residual clause. Instead, Petitioner's sentence was enhanced (by a consecutive 7-year term) by the application of the § 924(c)(1)(A)(ii) "force clause" in Count Four, and (by a consecutive 25-year term) by the application of the § 924(c)(1)(C)(i) "force clause" in Ground Six, for the brandishing of the firearm in the robbery of the Huntington Bank (Count Three) and the Giant Eagle store (Count Five), respectively. Therefore, Petitioner's

argument that <u>Johnson</u> renders his convictions and/or sentences for these charges invalid lacks

merit.

There is no unconstitutionally vague language in the conspiracy statute under which

Petitioner was convicted, on Ground One:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.
>
> If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

18 U.S.C. § 371.  Accordingly, Petitioner's conviction on Count One is unaffected by <u>Johnson</u>.

Further, the statutes under which Petitioner was convicted on Count Two (attempted bank

robbery, 18 USC §§ 2113(a) and 2) or under which Petitioner was convicted on Count Three

(armed bank robbery 18 USC §§ 2113(a) and (d) and 2) are set forth here:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, , or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.
>
> . . .
>
> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

. . .

18 U.S.C. § 2113.  Further, 18 U.S.C. § 2, the "principal" statute under which Petitioner was also

convicted (in Counts Two, Three, Four, Five, and Six) states:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C. § 2. It is apparent that despite Petitioner's contention to the contrary, there is no

unconstitutionally vague language in either of these statutes, thus, his convictions under Counts

Two and Three have not been invalidated by the Johnson decision.

Likewise, there is no "void for vagueness" language in Petitioner's Count Five conviction

under 18 U.S. Code § 1951 (interference with commerce by threats or violence):

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
> (b) As used in this section—
>
> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.
>
> (2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.
>
> (3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States, all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place

outside such State; and all other commerce over which the United States has jurisdiction.

18 U.S. Code § 195. Accordingly, Petitioner's Count Five conviction is unaffected by Johnson.

Moreover, as for Petitioner's convictions in Ground Two and Three, the Fourth Circuit has explicitly held that bank robbery is still a crime of violence, even after Johnson. United States v. McNeal, 818 F.3d 141 (4th Cir. 2016). Multiple courts, including the Fourth Circuit have also held, post-Johnson, that robbery convictions, such as Petitioner's Ground Five conviction for robbing the Giant Eagle after robbing the Huntington Bank inside it, are categorically crimes of violence.[16] Further, the overwhelming weight of authority indicates that bank robbery violations under § 2113(a) are crimes of violence under § 924(c)'s "force clause." Thomas v. United States, 2018 U.S. Dist. LEXIS 105010 *5, 2018 WL 3094936 (E.D.N.Y. June 22, 2018).[17] Finally, as the Government noted, every court to address the issue has found that Hobbs Act robbery is still a crime of violence after Johnson.[18] Thus, these claims are all without merit and should be denied.

---

[16] See United States v. Presley, 52 F.3d 64, 69 (4th Cir. 1995) (applying definition in 18 U.S.C. § 924(e)) ("We must assume that all of the elements of robbery in Virginia were met, including 'violence or intimidation.' Violence is the use of force. Intimidation is the threat of the use of force."); United States v. Wilson, 951 F.2d 586, 588 (4th Cir. 1991) (applying definition in 18 U.S.C. § 16(a)) ("[A] conviction for robbery necessarily requires a finding of the use of force (a taking 'by the use of violence') or threatened use of force (a taking 'by putting in fear')."); United States v. Adkins, 937 F.2d 947, 950 n.2 (4th Cir. 1991) (applying definition in 18 U.S.C. § 924(c)(3)(A)) (noting that "[a]rmed bank robbery is unquestionably a crime of violence"); United States v. Mitchell, No. 15CR47, 2015 U.S. Dist. LEXIS 155204, 2015 WL 7283132 at *3 (E.D. Wis. Nov. 17, 2015) (bank robbery); United States v. Strong, 3:15CR187, 2015 U.S. Dist. LEXIS 143053, 2015 WL 6394237 at *1 (W.D.N.C. Oct. 21, 2015) (bank robbery).

[17] See also United States v. Watson, 881 F.3d 782, 784 (9th Cir. 218) (per curiam); United States v. McNeal, 818 F.3d 141, 1157 (4th Cir. 2016); In re Sams, 830 F.3d 1234, 1239 (11th Cir. 2016; United States v. Armour, 840 F.3d 904, 908 (7th Cir. 2016); Holder v. United States, 836 F.3d 891, 892 (8th Cir. 2016); see also United States v. Wilson, 880 F.3d 80, 88 (3rd Cir. 2018) (holding that federal bank robbery under § 2113 qualifies as a crime of violence under the Career Offender Guideline's almost identically worded force clause); United States v. Ellison, 886 F.3d 32, 35 (1st Cir. 2017) (same); United States v. Brewer, 848 F.3d 711, 713 – 16 (5th Cir. 2017) (same); United States v. McBride, 826 F.3d 293, 296 (6th Cir. 2016) (same). In addition, the Second Circuit has held that Hobbs Act Robbery—which has similar elements to federal bank robbery—is a crime of violence under § 924(c)'s force clause. See United States v. Hill, 890 F.3d 51, 56 – 58 (2nd Cir. 2018).

[18] See United States v. Walker, 2016 U.S. Dist. LEXIS 3947 *29 (E.D. Va., 2016) (following the Fourth Circuit's guidance in United States v. Fuertes, 805 F.3d 485, 498 (4th Cir. 2015), and declining to extend the holding set forth in Johnson to the Hobbs Act robbery at issue in the case); United States v. DiSomma, 951 F.2d 494 (2nd Cir. 1991); United States v. Farmer, 73 F.3d 836 (8th Cir. 1996); United States v. Pena, 161 F.Supp. 3d 268, 2016 U.S. Dist. LEXIS 18329, 2016 WL 690746 at *1 (S.D.N.Y. Feb. 11, 2016) (noting the similarity between Hobbs Act Robbery

**Grounds Four, Six, and Seven**

Petitioner's § 924(c) convictions were based on both federal bank robberies and Hobbs Act robberies. His Ground Four and Six claims are that <u>Johnson</u> abrogated the unconstitutionally vague "crime of violence" language in his two § 924(c) convictions. His Ground Seven claim is that the same impermissibly vague § 924(c) "crime of violence" language was used in the jury charge for each of these convictions.

As noted *supra*, <u>Johnson</u> found that the ACCA's definition of "violent felony" was void for vagueness. On April 17, 2018, the Supreme Court decided <u>Sessions v. Dimaya</u>, 138 S.Ct. 1204 (2018). <u>Dimaya</u> is an extension of the "void for vagueness" holding of <u>Johnson</u>. In <u>Dimaya</u>, a similar provision of the Immigration and Nationality Act ("INA") provides that any alien convicted of an aggravated felony, including "a crime of violence" as defined in 18 U.S.C. § 16,[19] will be deported or removed. Accordingly, in <u>Dimaya</u>, the Supreme Court held that the residual clause of subparagraph 18 U.S.C. § 16(b) is unconstitutionally vague.

The residual clause definition of "crime of violence" in § 924(c) is substantially similar to the residual clause definition of "violent felony" in the ACCA, and nearly identical to the residual

---

and federal bank robbery under 18 U.S.C. § 2113(a))] ; <u>United States v. McDaniels</u>, 147 F. Supp. 3d 427, 428, 2015 U.S. Dist. LEXIS 158209, 2015 WL 7455539 at *1 (E.D. Va. Nov. 23, 2015); <u>United States v. Anglin</u>, 14-CR-34, 2015 U.S. Dist. LEXIS 151027, 2015 WL 6828070 at *1 (E.D. Wisc. Nov. 6, 2015) (Clevert, J.); <u>United States v. Brownlow</u>, 15-CR-34, 2015 U.S. Dist. LEXIS 144784, 2015 WL 6452620 at *1 (N.D. Ala. Oct. 26, 2015)(Blackburn, J.); <u>United States v. Merinord</u>, 15-CR-136, 2015 U.S. Dist. LEXIS 145009, 2015 WL 6457166 at *1 (E.D.N.C. Oct. 26, 2015) (Boyle, J.); <u>United States v. Hunter</u>, 12-CR-124, 2015 U.S. Dist. LEXIS 144493, 2015 WL 6443084 at *1 (E.D. Va. Oct. 23, 2015) (Jackson, J.); <u>United States v. Redmond</u>, 14-CR-226, 2015 U.S. Dist. LEXIS 139231, 2015 WL 5999317 at *1 (W.D.N.C. Oct. 13. 2015) (Cogburn, J.); <u>United States v. Standberry</u>, 139 F.Supp. 3d 734, 2015 WL 5920008 at *1 (E.D. Va. Oct. 9, 2015); United States v. Evans, 5:15cr57, 2015 U.S. Dist. LEXIS 142477, 2015 WL 6673182 at *5 - *6 (E.D.N.C. Oct. 20, 2015).

[19] 18 U.S.C. § 16 provides:

The term "crime of violence" means—
**(a)** an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
**(b)** any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

clause definition of "crime of violence" in 18 U.S.C. § 16(b), found unconstitutionally vague in

Johnson and Dimaya, respectively.  Similarly, the residual clause in18 U.S.C. § 924(c)(3)(B) states

that

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

On October 3, 2018, a petition for *certiorari* was filed in United States v Davis, Supreme

Court Case 18-431, raising this question:

> Whether the subsection-specific definition of "crime of violence" in 18 U.S.C. 924(c)(3)(B), which applies only in the limited context of a federal criminal prosecution for possessing, using, or carrying a firearm in connection with acts comprising such a crime, is unconstitutionally vague.

On June 24, 2019, the Supreme Court decided Davis, affirming in part, vacating in part, and

remanding to the Fifth Circuit., noting that "a vague law is no law at all." [20]  United States v. Davis,

2019 U.S. LEXIS 4210, * 6, __ S.Ct. __, 2019 WL 2570623, __ S.Ct. __, 2019 WL 2570623

(2019).  It held that 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague, because even if it were

possible to read the statute to impose additional punishment, it was impossible to say that Congress

intended that result, or that the law gave defendants fair warning that the mandatory penalties of §

924(c) would apply to their conduct. Davis, 2019 U.S. LEXIS 4210 at *28 - 29.

---

[20] Justice Gorsuch wrote the 5 to 4 opinion of the Court, joined by Justices Ginsburg, Breyer, Sotomayor, and Kagan.  Justice Kavanaugh dissented, joined by Justices Thomas and Alito, and by Chief Justice Roberts as to all but Part II-C.

Because the <u>Davis</u> decision is so recent, it has not yet been decided if it will be applied retroactively to cases on collateral review. Generally, new constitutional rules of criminal procedure do not apply retroactively, but new substantive rules do. Decisions invalidating substantive criminal statutes—statutes that impose additional punishment on defendants, or statutes that define criminal offenses—are substantive. <u>See</u> <u>Bousley v. United States</u>[21] (which addressed the retroactivity of an earlier decision interpreting the scope of section 924(c)), and <u>Welch v. United States</u>[22] (holding that the decision in <u>Johnson</u>, invalidating the ACCA's residual clause as "void for vagueness," announced a substantive rule that applies retroactively on collateral review. Nonetheless, the issue of retroactivity is moot as it applies to Petitioner; retroactively applicable or not, the <u>Davis</u> decision affords him no relief. He was not convicted under the § 924(c)(3)(B) residual clause; his Ground Four and Six convictions were under the "force" clauses contained in 18 USC 942(c)(1)(A)(ii) and (c)(1)(C)(i).

Because all of Petitioner's claims can be dismissed for lack of merit, there is no need to address the issue of procedural default.

### IV. <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 1:16cv100; ECF No. 1, 12; Criminal Action No. 1:03cr47-1, ECF No. 350, 360] be **DENIED** and that this matter be **DISMISSED with prejudice**.

Further, the undersigned **RECOMMENDS** that Petitioner's pending Motion for Status Update/Second Request to Hold Proceeding in Abeyance for Requisite Time [ECF No. 380];

---

[21] <u>Bousley v. United States</u>, 523 U.S. 614, 616, 118 S. Ct. 1604, 1608, 140 L. Ed. 2d 828, 835 (1998).

[22] <u>Welch v. United States</u>, 136 S. Ct. 1257, 1259, 194 L. Ed. 2d 387 (2016).

23

Consolidated Motion for Status Update/Motion of Notice of Change of Address/Motion to Preserve the Rights for Equitable Tolling [ECF No. 396]; Motion for Status Update/Motion to Amend/Supplement in Support of § 2255 Motion [ECF No. 451]; and Motion to Amend and Supplement in Accordance with Fed.R.Civ.P. 15(c)(1)(B) and Fed.R.Civ.P. 15(d) [ECF No. 452] all be **DENIED as moot.**

The parties are notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frederick P. Stamp, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days after being served with a copy of this Report and Recommendation, and then three additional days (mailing/service), within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Stamp.

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner at his last known address as reflected on the docket, and to transmit a copy electronically to all counsel of record.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

DATED: July 3, 2019

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE